*Per Curiam.

The representation that the vessel was out about nine Weeks, when in fact, she had been out ten weeks and four days, was not material, as no fraud was pretended, since it appeared that a passage of tetii weeks and four days was within the usual period of a voyage from Boston to Surinam because no more presumption of loss could arise in the one case, than in the other, and the only use in stating the time, is to enable the insurer to estimate the risk. Mow whether ten weeks and four days would be within the usual time, was á fact for the jury to determine, according to the weight of evidence. From this view of the-case, it is’ unnecessary to examiné the. meaning and effect of the word about, used in the representation to the insurers. The cause has been submitted to the jury on the weight of evidence, and not considering the verdict as against evidence, we are not disposed to disturb it.
*489 The agent of the plaintiff, Mr. Cod man, like all other agents, was a competent witness, ex necessitate.(a)
We are, therefore, of opinion, that the defendants must take nothing by.their, motion.
Rule refused.
N. B. The plaintiff in this cause having died after the verdict, and subsequent to the time the judgment might have been entered on the return of the postea, had it not been suspended by a case made for a motion for a new trial, the Court ordered the judgment to be entered for the plaintiff, nunc pro tunc, as of the term subsequent to the verdict.

 Cortes v. Billings, supra 270, 274, n. (a). Cowen & Hill’s Notes to Phillip’s Evidence, 253, 1526, et seq.