## SUPREME COURT.

### EHLE agt. MOYER, *Original Bill.*

### MOYER agt. EHLE, *Cross Bill.*

Where a trial was had before a Judge, without a jury, on a cross bill, and at the same time a hearing upon a report of referees on the original bill, and some four months afterwards the judge made his decision, and ordered judgment for the plaintiff on the report of the referees, in the original action, and that the complaint in the cross action be dismissed with costs, *Held*, that judgment might be entered *nunc pro tunc* as of the day of the trial and hearing, the plaintiff having died two days subsequent to such trial and hearing.

It is not analagous to the case where the plaintiff dies *before verdict.*

*Montgomery Special Term, June,* 1852.—This was a motion for an order directing a decree to be entered *nunc pro tunc*, as of the 13th day of June, 1851, pursuant to a decision of Mr. Justice WILLARD.

The first action was in the nature of a bill in equity for relief. The second, which was called a cross bill, was brought to trial before Judge WILLARD, at a circuit and special term, in Montgomery county, on the 13th day of June, 1851, without a jury. The Judge held it under advisement, until the 15th of October, when his decision was filed, dismissing the complaint with costs. On the 15th of June, 1851, (two days after the trial,) the plaintiff died, and Henry Moyer, the administrator, was substituted in his place by an order of the court, granted on the 6th of April last. The first cause had been referred, and the referee after hearing the testimony, and taking an account, reported that there was due from Moyer to Ehle, after making all just allowances, the sum of $540,98. No exceptions were taken to this report, and the cause was set down for final hearing on the report, for the Montgomery Special Term in November, 1850. At this time the cross suit was commenced, the object of which was to set off against the amount reported in the first suit, a claim for damages, for breach of the covenants of warranty in certain deeds given by Ehle, and under which Moyer derived title to certain lands

Ehle agt. Moyer.

covered by a mortgage to the *New York Life Insurance and Trust Co.* The whole matters were fully heard, and Judge WILLARD, after a very full examination of both causes, ordered judgment for the plaintiff, on the report of the referee, in the first cause, and that the complaint in the cross action, be dismissed with costs, without prejudice. On this state of facts the plaintiff, Ehle, asks for an order that the decision and judgment of Judge WILLARD be entered, as of the 13th of June, 1851, the day of trial.

> SPENCER & KERNAN, *for Motion.*
> MITCHELL & ELY, *Contra.*

C. L. ALLEN, Justice.—It is objected against this motion that the trial, though before the Judge alone, was the same as if by a jury, that having been waived under the Code. That the Judge having been thus substituted for the jury, the cause is in the same situation as if tried by a jury, and that Moyer having died before a *decision* was pronounced by the judge, it is as if he had died before *verdict,* and that consequently no judgment can be rendered. (2 *R. S.* 308.)

I do not agree with the counsel in his construction of that statute. Both causes came up for hearing and final adjudication on the 13th of June, 1851. The court passed upon both, and ordered judgment in the first cause, on the report of the referee, which was the same as if after verdict. No further proofs were taken in the first cause, nor does it appear that any were taken in the second. The court took the papers, reserving his decision as on a case or bill of exceptions, or on hearing, on a report of referee on pleadings and proofs, of two causes in equity. I do not think the statute has any application to such a case.

It is more like that class of cases, where a party after having obtained a verdict or non suit, dies while the cause is *sub judice.* The court will, in all such cases, without regard to the lapse of time, allow the judgment to be entered up, as of a term (*or a time now,*) when the party was alive, which in this case would be on the 13th of June, 1851. Rightmyer agt.

Dunham, (12 Wend. 245;) Spalding agt. Congden, (18 Wend. 543; 4 Barb. 504, 524; 1 John. Cas. 408.)

In Spalding agt. Congden, the court said the statute did not relate to, or control cases where there was a non suit—it was confined to cases after verdict, and to pleas of confession. Here was virtually a *non suit and no verdict*—a decree or order that the bill be dismissed.

It would seem to be proper in a case like the present, for the court if they have it, to exercise the power. There has been a full hearing and examination by the Judge, before whom the causes were heard. The effect of denying the motion would result in the necessity of another trial before the same tribunal, where a like result would probably follow.

The administrator can have his remedy by appeal from the judgment of Judge WILLARD, if he or his counsel deem it advisable, without subjecting both parties to the delay and expense of another formal trial, at the circuit or special term.

I think this within the principle of the cases cited, and accordingly grant the motion.