## COURT OF APPEALS.

FITCH AND OTHERS, resp'ts agt. LIVINGSTON & FLANAGAN, appel'ts.

After argument and judgment, it is too late to alter a bill of exceptions in the cause.
A bill of exceptions is bad for want of particularity, which says " To which charge the defendant's counsel excepted."

*January Term*, 1853. This was an action on the case commenced in the Superior Court of the city of New York in 1847, by Fitch and others, plaintiffs, and owners of the steam boat Santa Claus, against Livingston & Flanagan, owners or proprietors of the steam propeller Ocean, for running afoul of the Santa Claus on the Hudson river, and damaging her.

The cause was tried before Chief Justice OAKLEY, on the 12th of June 1849, and several days following. A large number of witnesses were examined. At the close of the testimony, the defendant's counsel requested the judge to charge the jury on nineteen separate propositions. The charge of the judge contained seven distinct points, in some of which it was apparent that the judge had committed no error. The defendant's counsel then excepted as follows: *" To which charge the defendant's counsel excepted."* The plaintiffs recovered judgment for damages and costs, $4296·11, from which the defendants appealed to this court.

The cause was brought on to argument in this court on the 14th January 1853. B. DAVIS NOXON, counsel for the appellants, proceeded to open the case; when N. HILL JR., counsel for respondents, raised an objection to the sufficiency of the *exceptions*

taken to the judge's charge. This question being briefly discussed, the court decided the exceptions insufficient—too general—not specific, and ordered judgment of affirmance.

On the 24th of January 1853, C. L. BENEDICT, the attorney and counsel for appellant, moved on notice, affidavits and papers to set aside the judgment of affirmance and for a stay of proceedings, and for leave to apply to the Superior Court to have the bill of exceptions resettled, so as to present those questions of law which were actually made at the trial, by exceptions there taken, and which were passed upon at the general term, &c. and cited Livingston agt. Miller, *ante page* 219.    N. HILL JR. for respondents, opposed the motion.

The court held the papers under advisement a few days, and denied the motion with $10 costs, with the following reasons:

" After argument and judgment, this court will not set aside the judgment and stay proceedings, to enable the appellant to make an application to the court below to alter the statement of the exceptions taken at the trial."