## FISH a. WOOD.

*New York Common Pleas; General Term, February,* 1856.

### APPEAL.—RESETTLEMENT OF CASE.

It is too late after the decision of an appeal to move for a resettlement of the case.

Motion for a resettlement of a case on appeal from a judgment entered on the report of a referee. .

This action was brought by J. Beekman Fish and S. Bayard Fish, against Charles Wood, to recover for building materials sold by them to one Franklin, to be employed in the erection of a house by Franklin for the defendant; the plaintiff claiming that Franklin made the purchase as agent of the defendant.

The cause was referred to Philo T. Ruggles, referee; who reported as his conclusion of fact, that "the plaintiff did not sell and deliver to the defendant, the goods and chattels mentioned and described in the complaint;" and as his conclusion of law that the defendant was entitled to a dismissal of the complaint. Judgment was entered accordingly, the plaintiffs appealed therefrom, a case was settled as usual, without the procuring of any amended report, the appeal was argued and the judgment affirmed.

Fish *a.* Wood.

The defendant now moved for an order directing the referee to resettle the case so as to state the facts found by him on the evidence and issues in the cause, especially upon the question whether Franklin had not authority from defendant to purchase the materials as defendant's agent. The plaintiffs' affidavit showed that their counsel who tried the case before the referee, removed from the city about the time of the settlement of the case; that another counsel was then employed to argue the appeal, who not having understood that any question was made as to the agency of Franklin, and not finding anything in the case upon it, did not suppose that that question was to be argued on the appeal, or that any amended report would be necessary.

The motion was ordered to be heard at general term.

*Ralph Lockwood*, for the motion.

*Felix Hart*, opposed.

INGRAHAM, F., J.—I cannot assent to the propriety of allowing a party on appeal, who has made his case and argued it fully before the general term of the court, and has received a final adjudication thereon, to have the whole proceedings set aside in order to enable him to make up a new case or report of referees, and submit the same again in a different form to the court.

The present system affords sufficient uncertainty in the administration of the law, without opening the door to a practice which must be liable to great abuses, and which may be used to work great injustice. Where an appellant has made up his case or report, and has put in it all that he thinks necessary to his case, it is too late for him after a final decision to seek to alter the decision by adding new facts or altering those submitted to the court. There may be cases where an error has occurred by misstatement that should be corrected, but that is not this case.

The motion should be denied.