## MOSES Y. BEACH v. JULIA RAYMOND and others.

Exceptions to the decision of the court or a referee, upon a trial before either, must be taken within ten days after notice of the entry of judgment, and the case or bill of exceptions made will not usually be resettled so as to allow exceptions to be inserted which were not taken within that time, and especially not if an argument upon the case or bill of exceptions has been had, and a decision rendered thereon.

After the decision of an appeal, by the court in *banc*, the unsuccessful party cannot be allowed, for the purpose of an appeal to the Court of Appeals, to insert exceptions not appearing in the case, upon which the appeal in this court has been argued and decided.

APPEAL by defendant from an order at special term denying a motion for a resettlement of a bill of exceptions. The facts

out of which the motion arose are very fully stated in the opinion of the court.

*Henry B. Cowles,* for the appellant.

*M. S. Brewster,* for the respondent.

BRADY, J.—This is an appeal from an order made by Judge Woodruff at special term, Dec. 5, 1855.

The action was tried before a referee, who reported for the plaintiff; and a case was made with leave to turn the same into a bill of exceptions or special verdict. An appeal was taken from the judgment entered on the report of the referee, and upon the case so made, to the general term of this court; and after the argument thereof, and before the court had given a decision thereon, and on the 23d of March, 1854, Raymond, one of the defendants, died. On the first of April following, the general term affirmed the judgment, and the judgment of affirmance was, by order of the court, entered as of a day during the lifetime of Raymond. On the 18th of June, 1855, on application of his administrators, an order was made reviving the action in their names, for the purposes of an appeal to the Court of Appeals, and on the same day a proposed bill of exceptions was served, on their behalf, on the plaintiff's attorney, containing exceptions in manuscript not appearing in the case as made and settled, and to which the plaintiff proposed an amendment striking out such manuscript exceptions, and which amendment was allowed. The defendants then moved for an order for the resettlement of the exceptions proposed, and of the amendments thereto proposed, and for an order that the amendment proposed to the bill of exceptions be disallowed, and the exceptions proposed be allowed. The order of the 5th of December above mentioned denied such motion.

The plaintiff insists that the order is not appealable under section 349 of the Code; but, if appealable, only so on the certificate of Judge Woodruff under the rule of this court (March 22,

1851), which was not complied with, no certificate having been obtained. He also insists that the appeal is irregular, because the papers, on which the question submitted arises, were not served on him; and further, that the exceptions being new exceptions, and not having been taken within ten days after the notice in writing of the judgment originally entered, they are presented too late. Judge Woodruff has expressed his opinion in favor of the last stated objection to the exceptions (2 Abbott, 204), and there is no doubt that it is fatal. Sections 268 and 272, of the Code, limit the time within which exceptions may be served to ten days after notice of the judgment upon the trial, either by the court or by referees. The ten days had long expired when the exceptions were served, and the appeal had been heard and decided at a general term upon the whole case made and settled. The right to turn the case into a bill of exceptions is limited (Rule 18) to thirty days after notice of the decision on such case; but there is no rule or precedent allowing exceptions to be taken, or interposed, as if made on a trial, after an argument in *banc* on a case or bill of exceptions, in which they did not appear. The effect would be to present to the appellate court questions which were neither presented to nor considered by this court, and upon which there was no determination by this court. However that may be, the party who designs to avail himself of exceptions must take them in the manner and during the period allowed by the statute. If he does not, they are lost. The leave given to turn the case into a bill of exceptions, as stated by Judge Woodruff (2 Abbott, *supra*), "is not a leave to take exceptions in the future, but to convert the case (made for the purpose of reviewing the report of the referee, and which embraces his ruling upon the law as well as his finding on the facts) into a bill that shall exhibit the exceptions already taken, and which alone is suited to the purposes of an appeal to the court of last resort."

This view renders the consideration of the preliminary objections unnecessary.

Order appealed from affirmed.