In order to review in this court the final decision of a referee, a case must be made containing the facts found by the referee, and his conclusions of law thereon, and the exceptions of the party who appeals. This has been many times decided in this court, and must be regarded as settled. Johnson v.Whitlock (3 Kern., 344) contains a full statement of the law upon this subject. The law requires us to adhere to the practice thus established in conformity with the Code. Nor is the law unreasonable in this respect, while the amount of business which comes to this court is so great as it now is. Justice to other suitors demands that no more labor shall be imposed on this court, in any case, than is necessary to dispose of the legal questions which it involves. We could, undoubtedly, gather from the evidence what facts the referee did find or should have found, but the statute has imposed that task, not upon us, but upon the referee, and our time does not permit us to perform it for him, to the delay of other business, even if the statute had left us at liberty to do so. *Page 615 
In this case there is no sufficient finding of facts. The referee sets out the evidence at length, and tells us that the facts proved on the first trial do not materially differ from those proved on the trial to which his report relates, except as to one additional fact, which he states. What state of facts was proved on the first trial he omits to tell us.
There is, therefore, nothing before us on which the judgment can be reviewed. But as there is good reason to suppose that a question of some importance actually exists in the case, which has been passed upon by the Supreme Court, and which the appellant has failed to present to us, by mistake as to the proper mode of proceeding on a point as to which a very general misapprehension seems to prevail, the appeal will be dismissed conditionally only, that the appellant may be enabled to apply to the Supreme Court to procure a proper case.
All the judges concurring, it was ordered that the appeal be dismissed, unless, before the June term, the appellant should procure the return to be amended by obtaining a finding of facts by the referee, and conforming the case to the requirements of law, and for that purpose the appellant might apply to the Supreme Court, as he should be advised.
On the first day of June term the counsel for the appellant applied for an extension of time. He produced a finding of facts, signed by the referee on the 24th of May, 1858, which he had procured to be signed by the referee, upon notice to the respondents' attorneys. It appeared that the respondents' attorneys had signified in writing their intention to disregard the appellant's notice of application to the referee to settle the finding of facts, on the ground that the application should be made to the Supreme Court at general term. It further appeared that a motion was pending in the Supreme Court for the amendment of the return to this court, by *Page 616 
inserting therein the referee's finding, so settled and signed by him, without the previous order of that court.