Smith agt. Grant.

## SUPREME COURT.

GERRIT SMITH, respondent, agt. GURDON GRANT, appellant.

Where the court, at general term, establish findings of fact different from the facts found by the court or referee who tried the cause, as contained and stated in

the case, on an appeal to the court of appeals to review the judgment of the general term, such findings of fact should be made part of the record.

Where such a case is sent back from the court of appeals for a resettlement of the facts, the general term has no power to send the case to the court below for a resettlement and restatement of the facts on which the judgment was there rendered. The court of appeals should be furnished with the same facts on which the general term based its judgment.

Where, in such case, the facts as found by the general term have not been stated in the record, in pursuance of rule 38, the general term in its discretion has the right and will allow such settlement upon proper terms.

*Clinton General Term, May,* 1859.

*Present,* ALLEN *and* JAMES, *Justices.*

MOTION by defendant for a resettlement of facts.

This action was originally tried by the court without a jury, and judgment entered for the plaintiff. Exceptions were taken, and a case made and settled, embodying the exceptions, on which an appeal was taken to the general term, where the judgment was affirmed. The defendant then appealed to the court of appeals. On the cause coming on to be heard, it was objected that the findings of fact, as stated in the case, were not sufficient to enable the appellate court to review the judgment appealed from, and it was, thereupon, ordered that said cause stand over, with liberty to the appellant to apply to the supreme court of the 4th judicial district, for a resettlement of the case, so as to present the questions of fact found, &c.

JAMES GIBSON, *for appellant.*

U. G. PARIS, *for respondent.*

By the court—JAMES, Justice. Whether this application is to resettle the facts found by the court below, or to settle and state the facts upon which this court placed its judgment, does not appear from the papers, nor was it distinctly avowed on the argument. At the present stage of this action, I think, it clear that the court has not the power to send the case to the court below for a resettlement and restatement of the facts on which its judgment was rendered, and this court cannot resettle and restate any findings of the court below, because it cannot legally know what the findings were, further than is shown by the case itself.

Smith agt. Grant.

Even had this court the power to send the case back to the special term for a restatement of the facts, it would be improper, at this stage, to exercise it, because, having pronounced judgment in the case on the appeal, any alteration of the facts would make it a different case from that on which we acted. The appeal to the court of appeals is to review the judgment of the general term of the supreme court, and to that end the court of appeals should be furnished with the facts, and the same facts on which the supreme court based its judgment.

On an appeal to the general term, in an action tried by the court or referee, to review the findings of fact, as well as the conclusions of law, if that court establish findings of fact, different from the facts found by the court or referee, as contained and stated in the case, on an appeal to the court of appeals to review the judgment of the general term, such findings of fact should be made a part of the record.

The Code, although it authorizes trials by referees, and by the court without a jury, directs the mode, manner and contents of their report, and provides for a review of their decisions both *upon the facts* and the law (§§ 266, 7 *and* 8, 272 *and* 348), yet makes no special provision how the facts established upon such review shall be settled and attached to the record in case of an appeal to the court of appeals.

Independent of any statute, this court possesses the power to devise regulations for conducting its own procedure, and such rules are not the subject of review by the appellate court (*Merrick* agt. *Richardson*, 9 *Bing.* 126; *Scales* agt. *Cheese*, 12 *M. & W.* 687); and in the absence of any general rule on the subject, it would have the power to act in individual cases; but rule 38 was intended to make provision for both appellant and appellee, in such cases, and to direct a mode of procedure to attain the end; and the authority to make such rule, in virtue of the power conferred by § 470 of the Code, is undoubted. Without the power in this court to settle and attach its findings of fact, on a review of a question of fact, to the record in cases of appeal, the appellate court could not be informed of the facts on which the judgment appealed from was based; it would

Smith agt. Grant.

only proceed upon the facts as stated in the original case, and thus would be defeated that provision of the Code which authorizes a review of the facts upon the evidence by the general term. (§§ 268, 348.)

A resettlement of the facts found by the special term is not only in this stage of the action impracticable, but would be wholly useless. If the appeal was from the finding of fact as well as conclusions of law, this court may now order the facts found by it, and upon which it based its judgment, to be settled and attached to the judgment roll, which shall go to the court of appeals. In this case, the notice does not specify whether the appeal is from the conclusions of law, the findings of fact, or both ; the exceptions are to the findings of fact and conclusions of law, but none to the omission or refusal to find certain facts relied upon as a defence. Perhaps it is not necessary to state, in the notice, the nature and extent of the appeal, or to except to the findings of fact, or even specify the error or omission complained of, but it would be a much better practice, and very much simplify and lessen the labor of preparing and examining cases.

The defendant, no doubt, intended to appeal as well from the findings of fact as conclusions of law ; and this court examined the evidence and found that certain facts were established by it, not stated in the findings of the court below ; and upon such findings, the judgment of the general term was pronounced. Had application been made for a settlement and statement of such findings, within twenty days after notice of the judgment of the general term, pursuant to rule 38, it would have been allowed, and the statement, as settled, ordered attached to the judgment roll. The right to permit it to be done now, no doubt, rests in the sound discretion of the court (*Code*, § 174), and as this branch of the practice was not very well understood at the date of this appeal, it should be permitted upon defendant's paying to the plaintiff all the costs which have accrued since service of the notice of appeal, and $10 costs of this motion.

Ordered accordingly.