## SUPREME COURT.

GEORGE CATLIN, respondent, agt. CHARLES H. COLE and others, appellants.

After a cause has been heard and determined by the *general term,* and an appeal taken to the court of appeals, it is too late to send the *case* back to the referee who tried the cause, for an *entire resettlement* or *restatement* and *refinding of the facts* by the referee.          :

Where some particular exception to a decision, or to some separate proposition in the charge of the judge is accidentally omitted in the bill of exceptions, and not discovered until the appeal has been taken to the court of appeals, it is proper that the *specific error* should be corrected and the omission supplied.

*Kings Special Term, March,* 1860.

MOTION by defendants to refer back this action to William Kent, Esq., the referee, before whom the same was tried, to amend and settle or resettle the case and exceptions, and to separate therefrom the exceptions stated therein, in such manner, and so duly to present to the court of appeals the questions of law which ought to be examined by such court on the appeal taken by the defendants to said court of appeals, and to amend and resettle the findings of facts and conclusions of law of the said referee, so as to fitly present the questions to be examined, &c. The motion, among other papers, was founded upon a copy of an order of the court of appeals, as follows: " Court of Appeals, January 6, 1860. A motion having been made by the appellants that they have leave to move in the supreme court for a resettlement of the case made after the trial; and it being the opinion of this court that if the case needs any resettlement, it should be done by and before the referee who tried the cause, and no opposition to the motion being made on the part of the respondent, it is ordered that the said motion be, and the same is hereby granted. The court, however, expressing no opinion upon the question, whether the case, as already

settled by the referee, does or does not conform to law and the practice of the court."

M. Dane Ellingwood *and* Henry Whittaker, *for the motion.*

W. I. Street, *opposed.*

Brown, Justice. The order made by the court of appeals on the 6th of January, 1860, which appears to have been granted in the absence of the respondent, does not direct that the case in this action be resettled. If it needs to be resettled, it directs it shall be done by the referee who tried the action, but expresses no opinion upon the question, whether the case as already settled by the referee, does or does not conform to the law and practice of the courts.

If the 38th rule of this court, to which I am referred, applies to a case heard at the general term, and decided upon the facts and the law found by the referee, and spread out at length upon the papers, it can require no more than that the general term or the judge who delivers the opinion shall say, I determine, by the order of the court, that the general term do find the same facts as were found by the referee before whom the cause was tried, and that such facts be annexed to the judgment roll, as the facts found by the general term. This has already been done by the order of the special term of the 19th of October, 1859.

The general term of the supreme court is a court of appeal and nothing less, with power to review the judgments and decisions made by referees, as well as by the special term. The court of appeals entertains appeals from the judgments of the general term, upon the same state of facts as were presented to the general term, and no other. Cases will doubtless occur when some word or exception to a decision, or to some separate proposition in

a charge of the judge is accidentally omitted in the bill of exceptions, and not discovered until the action has been removed to the court of appeals. In all such cases it is quite right that the specific error should be corrected and the omission supplied. But I do not recognize the regularity of a practice which would authorize an entire resettlement of the case, and a restatement and refinding of the facts found by the referee, after the cause has been heard and determined by the general term. This is the relief demanded by the defendants on this motion; and if it should be granted, the case in the court of appeals would not, perhaps, be at all like that which was heard at the general term.

The facts have been carefully and fully found by the referee. They occupy some twenty-three folios of the case, and are signed by the attorneys who appeared for the parties in the action. I do not see that I can do otherwise than adhere to the order of the special term of the 19th of October, 1859, which has not been reversed or modified.

The defendants' motion must be denied, with ten dollars costs of opposing the motion.