JOHN O'GORMAN *against* HENRY KAMAK *et al.*

The court has power to allow the "case" made for the purpose of appeal to be amended, even after argument and decision in the appellate court.

In an equity case, issues of fact had been framed and submitted to a jury, and the jury, under the instructions of the court, having found in the negative on two of the issues, did not make any findings on the other issues submitted to them, and the court set aside these findings, and ordered a new trial, on the ground that they were against the weight of evidence. An appeal was taken from the order granting a new trial, and the "case" made for this appeal did not contain the judge's charge, or the issues on which the jury did not pass. The court, at general term, reversed the order for a new trial, because the instructions to the jury, and all the issues presented to them, not being in the case, the error in their finding was not apparent. *Held*, that it was proper after the decision of the court, at general term, to allow the case to be amended by inserting in it the judge's charge, and the issues not passed upon by the jury.

APPEAL from an order of this court made at special term, allowing the defendants to amend the case, on appeal, after argument and decision at the general term.

The action was brought upon the equity side of this court, to set aside and have canceled of record a deed of land which, on its face, purported to have been made from the plaintiff to the defendant Kamak, and which had been recorded as such. The plaintiff claimed that he had no knowledge of ever having executed the deed, and that, if he had ever done so, it had been without consideration, and upon the fraudulent procurement of the defendant Kamak, while he (plaintiff) was insane with *delirium tremens*.

The action coming on to be tried before the court, without a jury, it appeared that there were questions of fact as to whether the deed was a forgery, and whether the plaintiff was insane at the time of its alleged execution, and the court declined to try those questions of fact, and directed them to be submitted to a jury.

On the trial before the jury, the court submitted to them eleven issues of fact; the first being, in substance, Did the plaintiff execute and deliver to the defendant Kamak the deed mentioned in the pleadings? and the ninth, Did the plaintiff reacknowledge that deed on January 20th, 1869?

The other issues were upon the questions, whether at the time of such alleged execution and reacknowledgment, the plaintiff was or was not insane, whether there was any consideration for the deed from plaintiff to Kamak, &c. In charging the jury, the court instructed them that if they found in the negative on the first and ninth issues, it would not be necessary for them to consider the other questions of fact.

The jury found in the negative on the first and ninth issues, and made no findings on the other issues.

On a motion made for a new trial, on the ground that the findings of the jury were against the evidence, a new trial was ordered, and the findings of the jury set aside.

From that order an appeal was taken, and the "case" made for the purposes of the appeal did not contain the judge's charge on the issues of fact not passed upon by the jury.

The court, at general term, reversed the order for a new trial, because, on the record before them, it did not appear but that they had passed on all the issues in the case, and had intended to find that the plaintiff was insane at the time of the alleged execution and reacknowledgment of the deed.

The defendants then obtained from the court, at special term, permission to amend the case, by inserting in it the judge's charge and all the issues of fact submitted to the jury.

From the order allowing such amendment the plaintiff appealed.

*Justus Palmer*, for appellant.

*S. C. Conable*, for respondents.

J. F. DALY, J.—The power of the court to amend the case after argument and decision at general term undoubtedly exists, and should be exercised in a proper case.

In *Fish* v. *Wood* (2 Abb. Pr. 419, Genl. T. Com. Pleas, 1856), this court refused to grant an order sending the case back to the referee for resettlement, so as to state the facts found by him on the evidence, and for a finding upon a particular issue, the court saying that after argument and decision of an appeal, the party should not be allowed to have the whole proceedings set aside, in order to enable him to make a new case; that there might be cases where an error had occurred by misstatement, but that case was not such a one.

In *Catlin* v. *Cole* (19 How. Pr. 82, Supreme Court, 1860), the court refused to allow an order referring back the case to the referee, to amend and settle or resettle the case, so as to present the questions before the Court of Appeals, in a different form from that in which they came before the general term ; but the court say that where an exception to a decision or to some separate proposition in the judge's charge is accidentally omitted in the bill of exceptions, and not discovered until the action has been removed to the Court of Appeals, the amendment should be granted.

In *Smith* v. *Grant* (17 How. Pr. 382, Supreme Ct. 1859), it was held to be too late after the cause was in the Court of Appeals to move for a resettlement of the case by the referee, so as to present the questions of fact found.

In *Beach* v. *Raymond* (1 Hilt. 201, Com. Pleas, 1856), this court refused to allow the unsuccessful party, after decision at general term, for the purpose of appealing to the Court of Appeals, to insert exceptions not appearing in the case upon which the appeal in this court was heard and decided, because that would present to the appellate court questions which had not been determined by this court.

On the other hand, in *Livingston* v. *Miller* (7 How. Pr. 219, Court of Appeals, 1852), the Court of Appeals stayed the argument of an appeal, until appellant should apply to the general term of the court below, to have the bill of exceptions

resettled by the insertion of exceptions duly taken at the trial, and passed upon by the general term.

In *Whitbeck* v. *Waine* (8 How. Pr. 433, Supreme Court, 1853), it was held that the Supreme Court had full power to allow a resettlement of the bill of exceptions (an error having been committed in turning the case into a bill of exceptions), even though the cause was then in the Court of Appeals.

But the Court of Appeals, in *Fitch* v. *Livingston* (7 How. Pr. 410, 1853), held that after argument and decision in the Court of Appeals, they would not set aside the judgment and stay proceedings, so as to enable the appellant to apply to the court below to alter the statement of the exceptions taken at the trial.

None of these cases deny the power of the court at general term to open its judgment and permit a reargument upon an amended case; nor of the court at special term, after decision of the general term, to permit an amendment of the case upon which to base an application for reargument at the appellate branch of the court, where the amendment asked for is the insertion of matter omitted from the case through error or excusable oversight.

In the present case, after argument and decision at the general term, the respondent procured from the special term an order allowing his case on appeal to be amended, by inserting the charge of the judge and the specific questions of fact submitted to the jury, for the purpose of applying to the general term for a reargument of the appeal.

The matter omitted from the case was intentionally omitted by the respondent, and was struck out by order of the judge who settled the case, on his motion, when proposed among the amendments to the case originally served; but the view taken by the general term upon the argument of the appeal of the questions involved, rendered it vitally necessary to the respondent to have the charge embodying the instructions to the jury, and all the questions of fact submitted to them in the case. The amendment should be allowed in furtherance of justice for the reasons: that the jury failed to find upon the principal issues in the case; that a new trial was ordered by the

judge who tried the cause for that reason; that the general term reversed the order granting a new trial, because the instructions to the jury and the issues not passed upon, not being in the case, and the two findings of the jury being equivocal in their wording, the error was not apparent on the record; and a reargument should be had at general term on the amended case, for if the decision of the general term were to stand, the respondent would be deprived of any finding by a jury on the principal issue in the case.

The order of the special term should be modified so as to impose, as terms of amendment, the payment of costs of argument already had in general term, in addition to the other terms imposed, and affirmed as to the residue of the order appealed from.

ROBINSON and LARREMORE, JJ., concurred.

Ordered accordingly.