McAdam, J.
The case herein was settled, printed, and argued at the general term, where the judgment appealed from, was affirmed. The defendant proposes to appeal to the court of appeals, and desires the trial judge to amend the case on appeal, by striking out certain matter therein contained and inserting other matter in its place. This .cannot be done. The court of appeals can review the action of the general term only on the case the general term had before it. Catlin v. Cole, 19 How. Pr. 82 ; Fitch v. Livingston, 7 How. Pr. 410 ; Fish v. Wood, 2 Abb. Pr. 419 ; Porter v. Parks, 2 Hun, 675. The case in the court of appeals must be the same as that in the court below. Johnson v. Whitlock, 13 N. Y. 344 ; Westcott v. Thompson, 16 N. Y. 613 ; Smith v. Grant, 17 How. Pr. 381; Catlin v. Cole, 10 Abb. Pr. 387. The court of appeals may, no doubt, remit the case to the general term for resettlement ( Westcott v. Thompson, supra ; Jaycox v. Cameron, 49 N. Y. at page 649), and the general term may in turn remit it to the trial judge or referee ( Witbeck v. Waine, 8 How. Pr. 433). In Hobart v. Hobart, 85 N. Y. 637, the court held that an appeal from a decision of the general term can only bring up certified copies of the papers on which the court below acted in making the order (citing rule 1, court of appeals), and an order was made requiring the appellant to conform the case to that which the general term had heard. From this it is apparent that the trial judge cannot, without leave of the general term first had, make any correction of the case before it; for by so doing he might unconsciously make it appear to the court of appeals that the general term had committed an error in disposing of the appeal, when there was none whatever upon the record before it. For these reasons the application for an order to show cause why the case should not be corrected, in respect to matters which the appellant prior to and at the argument before the general term thought of no moment, but now regards as material, must be denied.