The Peoples National Bank of Brooklyn in New York, Respondent, v. Paul Schissel, Appellant.—Judgment and order affirmed, with costs. No opinion. Jenks, P. J., Burr, Thomas, Rich and Stapleton, JJ., concurred.

The People of the State of New York ex rel. Bowery Bay Building and Improvement Company, Appellant, v. Lawson Purdy and Others, Commissioners of Taxes and Assessments of the City of New York, Respondents.— Final order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Burr, Thomas, Carr and Stapleton, JJ., concurred.

The People of the State of New York ex rel. George B. Hawthorne, Relator, v. Rhinelander Waldo, as Police Commissioner of the City of New York, Respondent.— The determination of the commissioner removing the relator upon grounds stated in writing, and after an opportunity given him to make an explanation, was within the commissioner's powers, and in accordance with section 1543 of the city charter.† The reasons filed in the department, upon their face, are adequate to justify the relator's dismissal. Hence the relator's removal was not reviewable by certiorari. (*People ex rel. Kennedy* v. *Brady*, 166 N. Y. 44.) The determination of the commissioner is, therefore, confirmed, and the writ quashed, with fifty dollars costs and disbursements. Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ., concurred.

Eloise F. Regan, as Administratrix, etc., of Gerard Regan, Deceased, Respondent, v. Leonhard Michel Brewing Company, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Thomas, Carr, Stapleton and Putnam, JJ.

Morris Schneider, Respondent, v. William W. Farley, as State Commissioner of Excise of the State of New York, Appellant.— Judgment reversed, with costs of the appeal, and complaint dismissed, with costs, on authority of *Suss* v. *Farley* (164 App. Div. 161), decided herewith. Jenks, P. J., Burr, Thomas, Carr and Stapleton, JJ., concurred.

William E. D. Stokes, Respondent, v. Orlando T. Carpenter and Reese Carpenter, Appellants.— As one of the defendants, appellants, has died since this appeal was taken, the action should be revived against his representatives before the appeal is determined. After an order of revival has been entered, the appeal may be placed upon the calendar and resubmitted. Jenks, P. J., Burr, Thomas, Carr and Stapleton, JJ., concurred.