ALICE MACLEAN, as Administratrix with the Will Annexed, etc., of MARGARET CHURCHILL, Deceased, Respondent, v. ALDEN HART, Appellant.

Third Department, March 20, 1933.

*Theodore R. Haviland* [*Fred L. Carroll* of counsel], for the appellant.

*John T. Norton*, for the respondent.

RHODES, J.   The defendant heretofore appealed to this court from a judgment rendered against him in an action brought by John E. MacLean, as executor, etc., of Margaret Churchill, deceased.   On March 17, 1932, a decision was rendered reversing said judgment. (235 App. Div. 752.)   Thereafter and on the 12th day of May, 1932, on motion of plaintiff, respondent, reargument of said appeal was granted and said case was ordered to be resubmitted at said term of court on printed briefs without oral argument.   (Id. 885.) The respective parties resubmitted the case prior to the 25th day of May, 1932, which was the last day for the hearing of arguments at said term.

Thereafter and on May 28, 1932, John E. MacLean, said plaintiff, respondent, died, before the decision of this court on said reargument was announced.

Later, and on November 25, 1932, the decision of this court was handed down which followed substantially the terms of the former decision reversing the judgment in favor of the plaintiff, said decision containing the direction that " findings and order to be settled before HINMAN, J."   (236 App. Div. 873.)

Alice MacLean, the widow of said John A. MacLean, was appointed executrix of his will on December 20, 1932.   Upon the application of the said Alice MacLean, as executrix of the will of said John E. MacLean, who was the sole residuary legatee under the will of said Margaret Churchill, the said Alice MacLean was, on the 9th day of January, 1933, appointed administratrix c. t. a. of said Margaret Churchill, deceased, and on the 18th day of January, 1933, said administratrix c. t. a. was, on the stipulation of the respective parties, upon order made and entered, substituted as the plaintiff in this action in the place and stead of said John E. MacLean as executor.

Plaintiff now asserts that the decision of this court on November 25, 1932, *nunc pro tunc*, is void because made after the death of the then plaintiff and before any substitution of parties had been ordered.

Section 478 of the Civil Practice Act provides in part that " a judgment shall not be entered against a party who dies before a verdict, report or decision is actually rendered against him. In that case, the verdict, report or decision is void."   The part thus quoted is a re-enactment of former section 765 of the Code of Civil Procedure and has no application to appeals, but applies only to the original action.   (*Riley* v. *Gitterman*, 24 Abb. N. C. 89.) (See, also, *Hastings* v. *McKinley*, 8 How. Pr. 175.)

Section 578 of the Civil Practice Act has no application here because it establishes the proceeding to be taken when a party dies before the appeal is heard. In the matter before us the appeal was heard before the death of the then plaintiff.

Plaintiff's attorney asserts that section 84 of the Civil Practice Act furnishes the correct procedure for the situation in this case. That section, so far as material, provides: " § 84. Proceedings when sole party dies and action survives. In case of the death of a sole plaintiff or a sole defendant, if the cause of action survives or continues, the court, upon a motion, must allow or compel the action to be continued by or against his representative or successor in interest. * * *." This section, however, does not furnish the answer to the question now presented.

When the parties submitted their case to the court on reargument, they then had their day in court and it was competent for the court thereupon to render its decision immediately, without other or further notice to the parties. The rule has been stated as follows in *Bergen* v. *Wyckoff* (1 Civ. Proc. 1, at p. 7): " ' When an appeal has been brought to argument, heard, and submitted to the court for determination, it is competent and proper, in conformity with the well-settled practice heretofore prevailing, that the court should award judgment (if need be), as of the day on which the cause was in fact submitted to them, or of any subsequent day before the death of the defendant.' " (*Beach* v. *Gregory*, 2 Abb. Pr. 206; affd., 3 Abb. Pr. 78; S. C. *sub nom. Beach* v. *Raymond*, 1 Hilt. 201; *Wood* v. *Keyes*, 6 Paige Ch. 478.)

In courts of equity it is the practice, when a party dies after a cause has been submitted upon the final hearing, for the court, notwithstanding, to go on and render its decision, and direct a final decree to be entered up as of the day when the cause was submitted for decision. (*Reed* v. *Butler*, 11 Abb. Pr. 128; *Campbell* v. *Mesier*, 4 Johns. Ch. 334; *Wood* v. *Byington*, 2 Barb. Ch. 387; *Carter* v. *Beckwith*, 82 N. Y. 83; *Matter of Beckwith*, 87 id. 503.)

It is true that at common law when a sole party to an action at law died, before trial, the action abated and there was no way to revive or continue it. (*Matter of Palmer*, 115 N. Y. 493.) But even in an action penal in its nature, where the death of a party occurred after a judgment entered upon a verdict, the cause of action was merged in the judgment and then became property with all the attributes of an action *ex contractu* and the courts still had control of the action for the purpose of consideration on appeal. (*Carr* v. *Rischer*, 119 N. Y. 117.) (See, also, *Blake* v. *Griswold*, 104 id. 613; *Mackay* v. *Rhinelander*, 1 Johns. Cas. 408; *Springsted* v. *Jayne*, 4 Cow. 423; *Ryghtmyer* v. *Durham*, 12 Wend. 245;

*Spalding* v. *Congdon*, 18 id. 543; *Gurney* v. *Parks*, 1 How. Pr. 140; *Crawford* v. *Wilson*, 4 Barb. 504; *Ehle* v. *Moyer*, 8 How. Pr. 244; *Miller* v. *Gunn*, 7 id. 159; *DeAgreda* v. *Mantel*, 1 Abb. Pr. 130.)

This action is in equity, having been brought for an injunction and to set aside a contract made between Margaret Churchill, plaintiff's testatrix, and the defendant. Under the rule above referred to relative to equity cases, the court, therefore, had power to render its decision herein, the case having been fully submitted to the court prior to the death of the then plaintiff.

As already stated, it was competent for the court to render its decision and make its findings without a further hearing as to the parties, and it was, therefore, unnecessary, except as a matter of convenience, to direct findings to be settled before HINMAN, J. Pursuant to its decision the court has now made findings which appear to have been entered, together with the judgment based thereon.

It appearing that the court had power thus to render its decision, make findings and cause judgment to be entered *nunc pro tunc*, plaintiff's application should be denied, with ten dollars costs and disbursements to the defendant.

HILL, P. J., and CRAPSER, J., concur; McNAMEE, J., dissents, with an opinion; BLISS, J., concurs in the result reached by McNAMEE, J., both upon his opinion and the authorities cited therein, and also upon the authority of *Stokes* v. *Carpenter* (165 App. Div. 926).

McNAMEE, J. (dissenting). This is a motion to set aside the decision of this court made November 25, 1932, and the findings of fact thereunder, and to vacate the judgment entered thereon, on the ground that the sole plaintiff had died after the case had been submitted on briefs, without argument, and before the decision was rendered.

This case came here on appeal from a judgment of the Trial Term in favor of the former plaintiff, John E. MacLean, as executor of the last will and testament of Margaret Churchill, deceased, and was once argued before us, and reversed by a divided court. Because of an error in fact in the majority opinion of the court and the reasoning based thereon, a reargument was granted, on briefs thereafter to be filed. Accordingly, the judgment appealed from was again open before this court for review *de novo*.

A few days after the submission of the briefs, on the reargument, the sole plaintiff died on May 28, 1932. On November twenty-fifth following, a decision was rendered by this court, again reversing

the judgment in favor of the plaintiff, as well as certain findings of fact found in his favor by the court below. By its terms the decision was rendered *nunc pro tunc*, and pursuant to the order entered thereon judgment was directed *nunc pro tunc* as of May 21, 1932, and thus entered.

The original plaintiff in whose favor the judgment was rendered was the sole residuary legatee in the will of Margaret Churchill. The present plaintiff was appointed administratrix with the will annexed on January 9, 1933, and on January 18, 1933, was substituted plaintiff and respondent in this action, and now makes this motion.

I believe the judgment of reversal in this case is void, and that the motion should be granted, *first*, because there is no warrant in the decision for new findings, and *second*, because it contains new findings of fact *against* the deceased sole plaintiff, and finally, because the provisions of the Civil Practice Act require it. When the decision was rendered the plaintiff was dead, and the court knew it; and because of these facts the decision was withheld over a period of months. The form of the decision is as follows: " Judgment reversed on the law and the facts, and judgment rendered *nunc pro tunc* in accordance with the opinion of VAN KIRK, P. J. * * * Findings and order to be settled before HINMAN, J. The court reverses findings of fact in the decision as follows: 6, 22, 35, 36, 37, 40 to 56, inclusive; also such findings of fact as are included in the conclusions of law." (See 236 App. Div. 873.)

While a majority opinion was handed down with the decision above quoted, and while the opinion mentioned may be explanatory of the decision as rendered, it is not the decision, nor a substitute for it. The decision as handed down provides for no new findings, nor sets any limitations for such, and thus there is no warrant for the new findings.

But the court not only rendered a judgment of reversal against a dead man, when it knew he was dead, but also adopted forty-seven new findings of fact against him, and thirteen conclusions of law thereon, thus making an original disposition of the issues raised by the pleadings. This court is a part of the Supreme Court, and authorized to make new findings in a proper case; but when it does so it is performing a function of original jurisdiction, a function of the Trial or Special Term, and is making an original decision. Thus when new findings were made against the sole plaintiff, divesting him of a property right, after he had died, it was making an original decision against him. And a section of the Civil Practice Act which has to do with judgments provides as follows: " A judgment shall not be entered against a party who

dies before a verdict, report or decision is *actually rendered against him*. In that case, the verdict, report or decision is void." (Civ. Prac. Act, § 478.)

It may also be observed that the decision as rendered contemplates notice to the party who had died, because it provides for " Findings and order to be settled before HINMAN, J.," and notice of such " settlement " was required by the justice, and actually served upon the attorney who had appeared for the plaintiff. It is academic that the attorney's power to represent or to bind the plaintiff ceased when the plaintiff died. Nevertheless, these new findings were made, not by the court, but by a justice thereof, against a dead man when there was no one to represent him.

Cases are cited in the prevailing opinion on this motion as authority for the proposition that in an equity case a decision may be rendered against a party after his death, when the case was actually submitted during his lifetime. Such of those cases as were not decided before practice under the Code was adopted, seem to have involved orders at the foot of the judgment, not affecting the rights of the parties as adjudicated, or judgments of affirmance *in favor of* the representative of a deceased party. None of those cases, as it seems to me, are in point here, or are authority for the case now under consideration, where an original decision is being rendered against a sole plaintiff who has died. And when Code practice was adopted following the Constitution of 1846, distinctions in practice between actions at law and suits in equity were abolished; and we should be no longer free to seek relief by resort to rules of ancient equity practice, when the Civil Practice Act seems to provide the remedy. In dealing with the subjects of abatement and continuance, the Civil Practice Act provides the procedure to be followed when a sole plaintiff or a sole defendant dies; and requires the court, if the cause survives, to allow or compel the action to be continued by or against a representative or successor in interest. (Civ. Prac. Act, § 84.) No reason has been suggested, on the argument or in the briefs, why this section should not be applied in the case before us, especially when an original decision remains to be made.

The motion should be granted.

BLISS, J., concurs in result.

Motion to vacate and set aside decision and for a reargument denied.*

---

*For additional decision of March 21, 1933, amending findings, see 238 App. Div. ——. — [REP.