*603
 
 Comstock, J.
 

 This cause was tried by a referee, and judgment was entered on. his report in favor of the plaintiffs for $454.07 and costs. The defendants, without making a case, appealed to the Supreme Court at general term, where the judgment was affirmed. They then appealed to this court. The judgment in its nature is appealable, because it is a determination embraced within the definition of the eleventh section of the Code of Procedure, and section three hundred and thirty-three declares that an appeal may be taken to the Court of Appeals in the cases mentioned in section eleven. But it is one thing to hold that a judgment can be appealed from, and quite another to decide that the supposed errors occurring at the trial can be reviewed. The mode of review, where it is sought to reverse a judgment for errors at the trial, is particularly pointed out in the Code. In
 
 Hunt
 
 v.
 
 Bloomer
 
 (3
 
 Kern.,
 
 341), and in
 
 Johnson
 
 v.
 
 Wheelock (id.,
 
 344), the subject was' carefully considered by this court, and the opinions delivered in those cases were approved by all the judges. In one of the cases the trial nad been by the court, and in the other by a referee, and we held that in either mode of trial a review could be had only upon a case made, which should contain the conclusions of fact and of law, with a proper statement of the questions presented and the exceptions taken to the rulings upon the points of law. The language of the Code is indeed so plain that it may well occasion surprise that there should be any doubt as to the proper practice. Section two hundred and sixty-eight, in reference to trial by the court, declares that the party desiring to appeal may prepare a case or exceptions, in settling which the judge must specify the facts found by him and the conclusions of law; and that the questions, whether of fact or of law, can only be reversed in the manner prescribed by that section. Section two hundred and seventy-two, which relates to trial before referees, declares that trial by referees is to be conducted in the same manner as trial by the court; that they must state
 
 *604
 
 the facts found and the conclusions of law separately, and their decision must be given in like manner, and may be excepted to and reviewed in like manner but not otherwise, and they may, in like manner, settle a case on exceptions. If language which is extremely plain can mean anything, a trial, whether by the court or by referees, cannot be reviewed unless the party desiring to appeal prepare a document which the Code denominates a Case or exceptions, and has it settled with a proper finding of the facts and conclusions of law. These facts and conclusions must be stated in the Case, and we cannot look for them elsewhere.
 

 The decision of the judge or report of the referee which goes into the record is merely the authority for entering the judgment, and therefore it merely states in general terms what the judgment is to be. All beyond that is mere
 
 supererogation.
 
 The party wishing to appeal, I repeat, must prepare his case with such a finding upon the facts and law as he chooses to insert. The other party has a right to propose amendments, and the whole is finally settled by the judge or referee.
 
 (
 
 The practice is extremely simple, although infinite pains appear to have been taken on the part of many to make it difficult and incomprehensible. 1
 

 In the present case the appeal book contains nothing but the pleadings, the report of a referee, the judgment and notice of appeal. We cannot look into the report for the reasons and grounds of the judgment, nor to find errors, even if there were any at the trial. The papers are defective for want of such a Case as the Code imperatively requires. The judgment, as I have said, is appealable, because it is the final determination of the Supreme Court at general term; but we can only look into those parts oí ithe record before us which have no relation to the trial Those parts of the record disclose no error and we there fore affirm the judgment.
 

 
 *605
 
 All the judges concurred in the foregoing opinion except Strong, J., who dissented from the opinion, but concurred in the judgment; Pratt, J., read an opinion for affirmance, on the further ground that the report of the referee disclosed no error at the trial.
 

 Judgment affirmed.