## BISSEL *v.* HAMLIN.

This court cannot look outside of the Case for a referee's conclusions of fact and of law. The rule of the Supreme Court, requiring the referee to state such conclusions in his report, does not affect the practice upon appeal.

The nature of a Case, and the manner in which it should be made up.

MOTION to dismiss the appeal. The action was brought in the Supreme Court to recover the value of services alleged to have been rendered by the plaintiff for the defendant, in the taking of depositions and examinations in a suit which the defendant had with certain other persons. The present case was tried before a referee who found the sum of $23 due to the plaintiff, and judgment was entered on that finding. The plaintiff appealed, and the judgment was reversed at the general term, and a new trial ordered. On the second trial before the same referee, the plaintiff recovered the sum of $79.36. The defendant then appealed, and the judgment was affirmed at the general term. The defendant brought an appeal to this court, which the plaintiff moved to dismiss on the ground that no

Case has been prepared in accordance with law and the deci-sions of this court.

*W. A. Curren*, for the appellant.

*John H. Reynolds*, for the respondent.

By the Court, COMSTOCK, J.    The Appeal Book handed up which has been prepared for the argument of the cause in this court, exhibits an entire disregard of the requirements of law and of the repeated decisions of this court, respecting the mode of preparing causes for review.    After the pleadings, it con-tains in the first place nearly fifty pages of the evidence given at the first trial.    The next entries are the report of the referee on that trial: the judgment therein: the appeal to the general term and the order reversing the judgment and awarding a new trial.    All this is wholly useless and irrelevant matter. With all these proceedings we have nothing more to do than if they had never taken place.    Nor had the Supreme Court anything to do with them on the second appeal to that court, and therefore they should not have been allowed to incumber the Case.    The first trial had been once reviewed before a second could be had.    The review is now confined to the second, and it is almost incomprehensible that a proposition so plain should not be understood.

The Case then proceeds to set forth at great length all the evidence on the second trial, but in preparing and settling it no statement of the facts proved and of the conclusions of law was inserted.    We have repeatedly held that this is indispen-sable.    (*Otis* v. *Spencer*, 16 *N. Y.*, 610; *Westcott* v. *Thompson, id.*, 613; *Titus* v. *Orvis, id.,* 617; *Johnson* v. *Whitlock*, 3 *Kern.*, 344.)    It could not have been necessary for any conceivable purpose, in making a Case to review the trial, to prepare a lite-ral transcript of all the testimony.    I think these Cases are often prepared by an attorney's clerk, who is directed to copy the notes of the lawyer who attended the trial; and such copy is then served as the proposed Case.    This is the worst possible

mode of presenting a cause to a court of review. The legal merits of a controversy are in danger of being lost in a mass of crude and useless detail. The office of a Case is simply to present the questions which are to be examined in the appellate court. It should present those questions with legal and logical precision. A practitioner who proposes to bring an appeal, should know what are the points in the controversy capable of being reviewed, and he should propose his Case in a condensed form, presenting only those points. A trial usually settles many things beyond the reach of an appeal, and everything not material to the discussion in the appellate court should be omitted. In the instance before us, we have one of the crudest specimens of a Case which I have ever seen. The question at the trial was whether the defendant owed the plaintiff a very small sum for services. As the matter is presented to us we must wade through one hundred printed pages of evidence in order to understand the merits of the controversy. There is no settlement of the facts, or statement of the legal questions. We are not required to review Cases in this form.

In opposition to the motion to dismiss the appeal, it is shown that the respondent's attorney, on being applied to, refused to point out wherein the Case was defective. This refusal may have evinced a want of courtesy, but it does not devolve upon this court the duty or the power of reviewing a Case prepared in total disregard of the law and the practice of the court. The law is plain, and the appellant's attorney should have examined it. The repeated decisions of this court were within his reach and he should have examined those also.

Among the papers printed on this appeal, there is a separate document purporting to be a finding of the referee upon the law and the facts. This document contains a few of the facts but with constant references to the evidence, to the schedules, to the former trial, and to the opinion of the court on reviewing that trial. This document, alone, furnishes no material for an intelligent decision of the controversy. The Case itself should consist of a complete and condensed summary of all the facts deemed material. It should embody a

statement of the questions intended to be reviewed, and of the rulings of the referee on each question. The so-called finding of the referee is outside of the Case, and being entirely imperfect in itself we cannot accept it as a substitute for the form required by law.

We are aware that one of the standing rules of the Supreme Court requires that the final report of a referee shall state separately his conclusions of fact and law. (*Supreme Court Rule, No.* 32.) This rule was adopted after this court had decided that for the purposes of an appeal the statement of the facts found and of the legal conclusions must be contained in, and form a part of, the Case to be prepared by the appealing party. The Supreme Court did not intend by the rule in question to establish a practice in conflict with our decision nor is there any such conflict. A statement by the referee, in making his report of the leading facts which he considers established and of the points of law which he determines, will convey to the parties information which may be quite convenient in preparing the proper Case for an appeal—and it may also be valuable for reference in settling the Case. It is not without its use, moreover, in enabling a party to come to an intelligent conclusion in regard to the chances of an appeal. But a report of the referee was not intended by the Supreme Court and cannot be accepted in this court as a substitute for a Case.

All the judges concurring,

Appeal dismissed.