## SHARP *vs.* WRIGHT and McDONALD.

A defect in the decision, at the trial, in omitting to find any question of fact involved, is not the subject of review, on appeal, but must be brought before a judge, on motion to correct the decision, before the omission can be considered at the general term.

An agreement between different sets of bidders for a public contract, by which one agrees, in consideration of a sum of money to be paid by the other, to withdraw his bid and assist the latter to obtain the contract, is against public policy; and no action will lie to recover back money paid upon such contract.

In such a case the maxim *potior est conditio defendentis* applies.

Where parties are *in pari delicto*, in the commission of an offense not only *malum prohibitum* but *malum in se*, if they have fraudulently or illegally contracted to do any thing, the law refuses to enforce the execution, or to award damages for the *non*-exection of such contract; and whatever they have *executed*, it refuses to lend its aid to either party to disturb. *Per* CLERKE, P. J.

THIS action was brough to compel the repayment by the defendants, Wright and McDonald, to the plaintiff, of $1500, paid by him to them, and the cancellation of nine promissory notes made by him, and transferred to them, and for an injunction against their disposing of the notes. McDonald and Wright were the lowest bidders for the contract of building the Albany bridge. Sharp was the next lowest bidder. The plaintiff alleges that he agreed to give these defendants $1500, and his nine promissory notes, in consideration of their withdrawing their bid, and assisting him to obtain the contract; and that he put the checks and notes in their hands, with the express understanding that if he failed in getting the contract they should be returned; that he did fail in getting the contract, through their fault in divulging the fact that they had sold out, but that the defendants retained the money and notes. The defendants allege that the consideration for the money and notes was simply their withdrawal of their bid, and that they did withdraw it. The plaintiff offered to show that the defendants divulged to the officers of the bridge company the fact of their sale to the plaintiff, which was objected to by the defendants, and ruled out. The plaintiff's

counsel also asked the defendants, upon their cross-examination, how they divided the notes and the money; which question was overruled, on the defendants' objection. Some other questions were objected to, and ruled out. The court decided that the evidence of the parties was irreconcilable, so that where they differed there could be no finding; that the contract being against public policy, the plaintiff could have no remedy, and dismissed the complaint; to all which the plaintiff excepted. He appealed from the judgment dismissing the complaint.

*Field & Sluyter*, for the appellant.

*W. Fullerton* and *H. W. Robinson*, for the defendants.

LEONARD, J. 1. At the time this action was tried, in 1858, it was not necessary, on the trial of a question of fact by the court, that the decision should find the questions of fact and of law separately, in writing. It was sufficient if the decision found generally in favor of the plaintiff or defendant. (*Johnson* v. *Whitlock*, 3 *Kern.* 344. *Otis* v. *Spencer*, 16 *N. Y. Rep.* 610.)

A defect in the decision, in omitting to find any question of fact involved, is not at present the subject of review on appeal, but must be brought before a judge on motion to correct the decision, before the omission can be considered at the general term. (*Hulce* v. *Sherman*, 13 *How. Pr. Rep.* 411, *and the cases there cited.*) The decision of the court in this case is, in effect, a general one, that the proof is not sufficient to maintain the action, and on that ground dismissing the complaint.

2. Were we to review the evidence, it would be wholly impossible for the court to arrive at the conclusion therefrom that the plaintiff was entitled to a decision in his favor. The plaintiff testifies, himself, that it was part of the consideration for the notes and money which he paid to the de-

fendants, that they should withdraw their bid.   It is against public policy to uphold such a contract.   It does not help the plaintiff's case that the defendants failed to observe the rule of "honor among thieves."   The plaintiff cannot insist that he has been made a victim because the defendants disregarded that rule, and that he is exempt from the application of the legal maxim "*potior est conditio defendentis.*"   The exceptions taken to the exclusion or admission of evidence at the trial have been considered, and are not believed to be well founded.

The judgment should be affirmed with costs.

CLERKE, P. J.   The parties were clearly *in pari delicto,* in the commission of an offense not only *malum prohibitum* but *malum in se ;* and in relation to parties so situated, the law unhesitatingly and invariably says : 1st.  Whenever they have fraudulently or illegally contracted to do any thing, it refuses to enforce the execution or to award damages for the *non*-execution of such contract ;  and 2d.  Whatever they *have executed,* it refuses to lend its aid to either party to disturb. The latter principle applies to the present case ; the court refuses to aid the plaintiff in cancelling or disturbing the corrupt arrangement which he had consummated with the defendants.

INGRAHAM, J. concurred.

Judgment affirmed.

[NEW YORK GENERAL TERM, September 16, 1861.   *Clerke, Ingraham* and *Leonard,* Justices.]