JERUSHA B. GOODYEAR *v.* JAMES BISHOP and others.

Upon the decision of a referee where no case is made, or if made where there is no sufficient finding of facts, the appeal will be dismissed on motion, or if argued, the judgment below will be affirmed.

However irregular the action of the referee may be in the conduct of the case, his final conclusion can only be reviewed upon a case made in the manner prescribed by the Code.

WRIGHT, J.    I cannot see how any supposed errors occurring at the trial, can be reviewed by this court. The action was by one copartner against three others, for an accounting as to the partnership business. It was tried by a referee, to whom the same had been referred, to hear and determine all the issues therein. The referee made his report, finding certain facts and conclusions of law, the last of which was that the plaintiff was entitled to judgment for $3,010.38. There was no exception to this decision or report; but if there had been it would probably have been unavailing.

We have repeatedly held, that, where the trial is by the court or a referee, a review could only be had here upon a case made and settled, which should contain the judge's or referee's conclusion of fact and of law, with a proper statement of the question presented, and the exceptions taken to the ruling, upon the points of law; and, furthermore, that the findings of fact and conclusions of law must be stated in a case settled by the judge or referee, and that we could not look for them elsewhere. (*Hunt* v. *Bloomer*, 3 Kern., 341; *Johnson* v. *Wheelock*, id., 344; *Otis* v. *Spencer*, 16 N. Y., 610.) The last mentioned judgment was affirmed, on the distinct ground that there was no case containing the findings of fact and conclusions of law, although there were certain findings of fact and legal conclusions contained in the two reports of the referee printed in the appeal book. Subsequently to the latter decision, the two hundred and seventy-second section of the Code was so amended as, when a trial was before a referee, and his decision had been reviewed at a General Term of the Supreme Court, upon his

report and exceptions, without a case containing the evidence, we are authorized to review the decision in like manner. That is not this case. This was not heard and decided at the General Term upon the report of the referee and exceptions alone. In either way, however, the referee must find the facts, and state his conclusions of law, and the legal conclusions must be properly excepted to, else there is nothing for us to review.

In the present case there are no exceptions to the report; nor is there in the appeal book what the court denominates a case of exceptions, settled with a proper finding of the facts and conclusions of law; nor are there any facts found except those in the referee's report, upon which his decision and judgment were predicated.

.. There is printed with the papers what purports to be a case containing the evidence, but without any findings of fact. It discloses a most anomalous procedure. It appears thereby that, after some evidence had been taken, and the parties had asserted their respective claims, by consent the referee stopped, midway in the trial, to deliver an opinion upon the question, viz., in what proportion the profits earned in the partnership business were to be divided between the parties; and, after an elaborate discussion of the point, he arrives at the conclusion that the advances of money claimed by the defendants to have been made, from time to time, for the requirements of the partnership business, did not constitute a part of the capital of the business put in by the defendants, within the meaning of the clause which distributes the profits "in proportion to the amount of the capital paid in by each party;" and that the plaintiff was entitled to share in the net profits of the business in the proportion that the sum of $9,625.85 bears to the sum of $5,000. Following this opinion, it is stated that the defendant excepted to the decision of the referee on the question of capital, and then claimed that, if the advances made for the benefit of the business are not to be considered as capital, the defendants are entitled to the usual mercantile commissions on such advances. Evidence was then taken

as to the custom of merchants and factors, in the city of New York, engaged in a foreign commission trade, to charge commissions on advances; and, at the close of the proof, the referee proceeded to deliver another opinion, coming to the conclusion that the defendants should be allowed seven per cent interest on all their advances to the firm, and two and a half per cent commission on such funds beyond the amount of their capital, $5,000, as they had advanced over and above the value of goods on hand, and of goods shipped to them, of which they had received the bills of lading and invoices.

It is very plain that this is no such "case" as a party is required to make who would have errors of law, occurring on the trial, reviewed by this tribunal. There are no facts found, and, consequently, this court has no means of determining whether the decision and judgment of the referee was right or wrong. It is claimed that the judgment was based upon incorrect principles, in that the referee held that the profits were to be divided in proportion to the capital originally paid in under the copartnership agreement, and that the varying and temporary advances made by the defendants, from time to time, were not capital, and also in holding that the defendants were not entitled to commissions on those advances. But, how can we determine the question whether he erred or not? The judgment of the referee was that the plaintiff was entitled to recover from the defendants the sum of $3,010.38; but in what way the amount was made up, or as to what legal principles were invoked to produce the result, or whether there was any error in their application, we have no means of determining.

Upon the only facts found by the referee, as contained in his report, the judgment seems to be right; but that decision was not excepted to. We certainly cannot review a legal opinion or decision of the referee going to the merits of the controversy made without any finding of facts and on a mere assumption of claim by the respective parties. Although the procedure of stopping, by consent, in the midst of the trial, to take the opinion of the referee upon cer-

tain legal aspects of the case, on the evidence then given and the respective claims made by the parties, was irregular and anomalous, there would have been no difficulty whatever afterward, when a case came to be settled in the way the Code requires, to have corrected any defects in the procedure. The referee would then have stated the facts, and his conclusions of law, and his legal conclusions might have been excepted to at any time within ten days after notice in writing of the judgment. But no such case was made.

In *Westcott* v. *Thompson* (16 N. Y., 613), the decision often made was reiterated, that, in order to review in this court the final decision of a referee, a case must be made containing the facts found by the referee and his conclusions of law thereon, and the exceptions of the party who appeals ; and that when the facts are not found, or there is no sufficient finding of facts, there is nothing before us on which the judgment can be reviewed. Where no case is made, or if made there is no sufficient finding of facts, the appeal will be dismissed on motion, or if brought on for argument the judgment will be affirmed.

As there is no case contained in the present appeal book, with a proper finding of facts and of law, duly excepted to, the judgment should be affirmed.

All concur.

Judgment affirmed.