STEPHEN PHILBIN ET AL., RESPONDENTS, *v.* RICHARD PATRICK, APPELLANT.

*Practice—Case—Exceptions to Referee's Report—Findings of Fact.*

Where there are no findings of fact by the referee, or exceptions to the referee's report, contained in the case, there is nothing for this Court to review, and consequently the judgment below must be affirmed.

APPEAL from the General Term of the Superior Court of the city and county of New York.

The appeal book contained the summons, pleadings, order of reference, report of referee, case, and exceptions to the referee's finding; but the findings of the referee, and exceptions, were printed,—the former preceding the case, and the latter at the end and outside of it, with no especial reference made to either of them in the case.

The exceptions taken relate to the admission of evidence, and are sufficiently stated with the facts which are material, and to which they refer in the opinion.

*J. B. Bissell* for Appellant.

*S. Hand* for Respondent.

MILLER, J.—This case was tried before a referee, who reported in favor of the Plaintiffs for $1,427.17.

The case does not contain the referee's report, or the exceptions to the report, and in this respect is not in conformity with provisions of the Code and the practice in such cases. In Otis *v.* Spencer (16 N. Y. 610) it was held that the finding of facts, and conclusions of a referee, must be stated in the case itself, and that this Court will not look for them elsewhere.

It appeared that there was no case or exceptions in the case cited, and hence it differs somewhat from the one before us. But the same principle is applicable, and there being no finding of facts, or exceptions to the referee's report referred to or incor-

porated in the Appellant's case, there is nothing to review here. All the judgment, for that reason, must be affirmed.

Independent of the reason stated for the affirmance of the judgment, I think there was no error upon the trial. The objection made to allowing Knight, the Plaintiffs' book-keeper, to read from the scrap-book the list of articles there named, and delivered to the workmen from Plaintiffs' shop, is not well taken. The book was competent evidence, preliminary to proof, that materials were furnished by the Plaintiffs to the Defendant.

The witness testified that the entries were made when the articles were delivered to the carmen, in the course of his business as book-keeper of the Plaintiffs.

He did not recollect the delivery of the articles, and was only able to state what articles actually were delivered from having made the charges in the scrap-book.

They were made at or about the time of the transactions to which they related, and their accuracy was duly verified.

It also appeared that the witness was unable, with the aid of the memorandums made by him, to speak from memory as to the facts.

The evidence, therefore, was properly received. The rule is laid down in Halsey v. Sinsebaugh (15 N. Y. 488), and approved in Russell v. The H. R. R. R. Co. (17 N. Y. 140). See also Guy v. Mead (22 N. Y. 462); Marcly v. Shults (29 N. Y. 346); Hynds v. Shults (39 Barb. 600).

It may be also observed that the fact of the delivery and the use of the articles was fully proved by the evidence subsequently introduced, and if there was any error, it was rendered entirely harmless, and could not affect the result, or work any injury to the Defendant (The People v. Gonzalez, 35 N. Y. 49, 60). Nor was there any error in the introduction of the bills of work done and materials furnished by the Plaintiffs for the Defendant.

Both of them had been furnished to the Defendant; and in connection with proof of the correctness of the charges made, and a

conversation with the Defendant as to one of them, they were properly received as evidence.

The judgment must be affirmed.

All affirm.