## New York Marine Court.

### Special Term—November, 1877.

## OTTO ZELINKA *against* CHARLES KRAUSKOPF,
### ET AL.

Cases and amendments upon appeal are not legally settled under the rules of court until they have been approved and ordered on file by the trial judge; and this whether the parties have agreed upon a settlement or not.

McAdam, J.—The plaintiff's complaint was dismissed by one of the trial justices of this court, and feeling aggrieved at this result, the plaintiff now moves for a new trial at special term. Such a motion can be there heard only upon a case made and settled (*Code*, §§ 265, 268), which means a case made and settled according to the general rules of the supreme court, and the special rules of the court in which the action was

tried.   Supreme court rule 44 provides that "No case
or exceptions to be annexed to the judgment roll, shall
hereafter be filed by the clerk of the court, unless the
same is so ordered by the judge or referee who tried
the cause."   Parties by agreeing to a case or by as-
senting to one (the respondent by omitting to serve
amendments, or the appellant by adopting those pro-
posed by the respondent) cannot evade this rule, which
is in harmony with the rules of this court (See *Gould's*
*Law Diary* for 1876, page 27).   These rules must be
rigidly adhered to or irregular practice will be encour-
aged.   The trial justice must have some supervision
over the settlement of his judicial decisions before they
are printed and scattered before the world, or he may
find himself even unintentionally misrepresented, per-
haps disagreeably so.   If a party to an appeal is to be
allowed, either by his own act or through the mere
neglect of his adversary, to serve proper amendments
(or both causes combined), to put a judge upon record
in printed matter, as deciding any legal proposition
the attorney sees fit to state, in any form or language
he sees fit to employ, the judge may discover when too
late that he is publicly credited with views, antagonis-
tic, perhaps, to his legal judgment.   In such a case, the
appellant, whether he succeeds upon his appeal or fails
to reverse the self-made plastic decision, may at least
impress the appellate tribunal with the idea that the
legal education of the trial judge has been sadly ne-
glected.   Such things do not aid the administration of
justice, but subvert it.

I have taken this opportunity of condemning a per-
nicious practice which must be stopped by requiring
strict adhesion to the rules.   My observations are to be
understood as directed against the practice generally
as pernicious, and not to any thing that has occurred
or appears in the present case that makes it particu-
larly so.   As far back as 1827, the supreme court con-

Zelinka *v.* Krauskopf.

demned this irregular practice, in the case of Root *v.* King (6 *Cow.* 569), in which Chief Justice SAVAGE, said, "Whatever course the parties may take in fixing on a judge's charge to be inserted in a case, it is the right of the judge to see that it is correct. Neither the parties nor their counsel have a right, at their pleasure, to make out such a charge as will appear absurd or ridiculous. All they can require is, that the opinions expressed to the jury be substantially presented." In the same case, Judge SUTHERLAND said, "The charge is always subject to the correction of the judge, though the parties may agree upon it." And Judge WOODWORTH said, "The correction may be made at any time; and we would even stop an argument on the certificate of the circuit judge that his charge had been perverted. His charge need not be inserted in *hæc verba*. The material parts alone are necessary. He should put into the case the substance of his opinion as expressed upon the law and the fact."

In 1832 Chief Justice SAVAGE, in Walsworth *v.* Wood (7 *Wend.* 483), again referred to the same subject as follows :

"A circuit judge may with propriety insert in a case such facts transpiring on the trial of a cause as he conceives necessary to render his charge intelligible, although not insisted on by either party. So he may state his charge in his own words, or in such terms as he chooses to adopt, without reference to the statements of the parties in the case served or amendments proposed. If the cause was submitted to the jury upon the proofs and allegations of the parties without a formal charge, but the judge had expressed his opinion in the hearing of the jury upon questions arising from time to time in the progress of the trial, he may with propriety state such opinions, although they were not embodied in a formal charge to the jury. The enforcement of these rules will aid the more intelligent pre-

Zelinka *v.* Krauskopf.

sentation of the question decided, ard they ought to be willingly observed by the profession. Upon the conclusion of the argument of the motion for a new trial in the present case, the plaintiff's counsel submitted his proposed case, and the defendant's proposed amendments which seem to have been assented to. The moving party has not even taken the trouble to engross the case so as to include the amendments in their appropriate place, and I am apparently expected to do this myself. The trial judge has never had the pleasure of examining the papers, and they are consequently without the indorsement of his fiat. For these various irregularities the plaintiff's motion for a new trial will be denied upon the ground that it has been prematurely made ; with leave to renew, however, upon complying with the rules and practice of the court, and upon paying ten dollars costs of the present motion.

**Settlement of case.**—The nature of a case and how it should be made up (Bissel *v.* Hamlin, 20 *N. Y.* 519). The practice of taking a stenographer's notes for a bill of exceptions, disapproved (Jewell *v.* Van Steenburgh, 58 *N. Y.* 86). See also 4 *Hun,* 804; 8 *Id.* 547; 1 *Robt.* 524; and S. C. Rules 32, 43.