MURRAY B. STONE et al., Doing Business as STONE & STONE Co., Appellants, v. JACK FREEMAN, Doing Business as HOM-O-ZONE OF MANHATTAN, Respondent.

First Department, May 10, 1948.

*Abraham Shamos* of counsel (*Alan Nordlinger* with him on the brief; *Guggenheimer & Untermyer*, attorneys), for appellants.

*Leo Gitlin* for respondent.

VAN VOORHIS, J.   Plaintiffs, as copartners, appeal from portions of an order denying their motion to dismiss two counterclaims in the defendant's amended answer, for insufficiency in law.   The action has been brought to recover an unpaid balance of commissions alleged to be due and owing to the plaintiffs' firm for bringing about a sale of shirts by the defendant to the French supply council.   The counterclaims allege that defendant paid to the plaintiffs certain moneys, part of which were to be retained by plaintiffs as compensation for services, and the rest to be paid by plaintiffs to one Piccard who was buyer for the French supply council.   Piccard did not receive all of the money which defendant gave to plaintiffs to pay to him.   The counterclaims are to recover from the plaintiffs unexpended balances of what plaintiffs were to pay to Piccard.

Plaintiffs, appellants herein, contend that it appears upon the face of the amended answer that the moneys demanded in the counterclaims were to have been paid to Piccard as buyer for the French supply council, in violation of section 439 of the Penal Law, which prohibits the corrupt influencing of agents, employees or servants.   Based upon this premise, which appears to be correct, plaintiffs take the position that the courts should refuse to aid defendant in recovering funds delivered to plaintiffs that were to have been expended by them for an illegal purpose.

Undoubtedly no recovery on these counterclaims would be allowed if it required the enforcement of an illegal contract. (*Sirkin* v. *Fourteenth Street Store,* 124 App. Div. 384; *Leonard* v. *Poole,* 114 N. Y. 371; *Perkins* v. *Savage,* 15 Wend. 412; *Haynes* v. *Rudd,* 102 N. Y. 372.)   The courts will not intervene, for example, where money has been paid to a stakeholder in case of a wager, so as to compel its delivery to the winner of the bet (*Yates* v. *Foot,* 12 Johns. 1), nor to compel the return of money by one contractor to another, which had been paid to induce the other contractor to refrain from submitting a competitive bid on a contract for a public improvement, where the agreement between them provided that the money was to be returned if the payer failed to be the successful bidder (*Sharp* v. *Wright,* 35 Barb. 236).   In those cases the money had already been applied to the illegal purpose, and its return was sought pur-

suant to the illegal agreement itself, under whose terms the money was to be repaid in event that the party won the bet or failed to be awarded the public contract.

We think that this case differs from those that have been cited above. Here, according to the language of the counterclaims, defendant demands restitution from his agents of moneys which were not expended to corrupt the purchasing agent of the French supply council, and which the agents seek to appropriate to their own use for the reason that they received other sums of money from defendant which they did pay to the purchasing agent. In *Murray* v. *Vanderbilt* (39 Barb. 140) it was held that an agent had no right to retain money belonging to his principal, on the ground that the principal had acquired title to such funds as a result of the performance of an agreement that was in restraint of trade and commerce. The court stated that the contract involved therein would not have been enforcible as between the parties thereto, but that the law would prevent the agent from being unjustly enriched by precluding him from questioning the title of his principal to such funds. The doctrine that an agent will not be heard to contest the title of his principal has support in decisions of courts in other jurisdictions. (*Kearney* v. *Webb*, 278 Ill. 17; *School District No. 39* v. *Casey*, 243 Ill. App. 434; *Souhegan Nat. Bank* v. *Wallace*, 61 N. H. 24; *Smith* v. *Blachley*, 188 Pa. 550; *Gilbert* v. *American Surety Co. of New York*, 121 F. 499; *Baldwin Brothers* v. *Potter*, 46 Vt. 402.) Those decisions go beyond what is involved in the action at bar.

The facts in the present case do not require the court to determine that a principal can recover from his agent funds which the latter has received as a result of the performance of an illegal agreement; these moneys were not the fruit of a corrupt bargain, nor were they used to corrupt the purchasing agent of the vendee. The circumstance that defendant was not above doing so, and that these funds *might* have been used for that purpose does not bar relief on the counterclaims. Courts are not concerned to ascertain whether suitors are good or evil in the abstract; the doors of the courtroom are open unless the reprehensible act has infected the cause of action itself (*Junkersfeld* v. *Bank of Manhattan Co.*, 250 App. Div. 646, 649).

Section 412 of the Restatement of the Law of Agency, entitled " Criminality as Defense for Failure to Account ", provides that " Except as stated in Subsections (2) and (3), the fact that money or other thing received by the agent from or on

behalf of the principal is the proceeds of a crime by the principal or by another, *or was given to the agent to accomplish an unlawful purpose* does not relieve the agent from a duty to account for it or its proceeds.'' (Italics supplied.) Exception No. (3) is not relevant. The exception numbered (2), insofar as material, provides:

'' (2) An agent who has received money or other thing from or on behalf of the principal is under no duty to deliver the same to the principal or to account for the use thereof * * *

'' (b) if the thing was obtained by the agent without his fraud, duress, or undue influence, and

'' (i) the thing was given for the purpose of accomplishing a very serious crime * * *.''

In the comment (§ *e*) on subsection (2) in the Restatement, under the caption of '' Return of unexpended funds '', it is stated: '' Thus, if one freely gives money to another for the purpose of accomplishing a robbery, he cannot regain it although he repents before the prospective robber acts. On the other hand, an attorney who has overpersuaded his client to give him money for the purpose of bribery is subject to a duty to return it upon demand to the client, if the purpose has not been accomplished.''

The circumstance that an attorney is referred to as the agent, in the comment, does not seem important. The principal would or should know that bribery is wrong, whether persuaded to engage in it by an attorney or not. Likewise, bribery is a felony, and therefore a more serious offense than violation of section 439 of the Penal Law which is involved here.

The Restatement appears to support the correctness of the order appealed from denying plaintiffs' motion to strike out the counterclaims on the ground of illegality of the transactions therein alleged. If the criterion is to be adopted that unexpended balances may be recovered from an agent unless they were paid to the agent to accomplish '' a very serious crime '', the order appealed from would be supported by the circumstance that violation of section 439 of the Penal Law condemning the corrupt influencing of agents, employees or servants, is a misdemeanor. (See, also, 1 Mechem on Agency, § 1332.)

In ruling upon this question at this juncture, the defendant must be given the benefit of all that can be drawn from the allegations in these counterclaims by reasonable and fair intendment. Whether the evidence at the trial may involve these transactions so deeply in fraud and corruption as to require the court to refuse to grant its aid to the defendant, is something which cannot now be decided.

The order entered December 19, 1947, denying plaintiffs' motion to strike out the counterclaims contained in the amended answer, as insufficient in law, should be affirmed, with $20 costs and disbursements.

The appeal from so much of the order entered October 9, 1947, as denies plaintiffs' motion to strike out the counterclaim in the answer should be dismissed.

DORE, J. (dissenting). The contracts pleaded in the two counterclaims involving bribery of the purchasing agent have both been executed in part. The agreement alleged even if not fully performed was criminal under section 580 of the Penal Law which provides that if two or more persons conspire to commit a crime each is guilty of a misdemeanor.

It is urged that the rule to be applied to this case is distinguishable from the usual rule that the courts will not enforce illegal contracts because defendant is demanding restitution from his *agent* of moneys which were not expended pursuant to the bargain to pay Piccard, the purchasing agent. This seems to be contrary to the ruling of the Court of Appeals in *Leonard* v. *Poole* (114 N. Y. 371) in which it was held that it is immaterial that the party complained of as guilty was acting as agent for others. There, too, the scheme entered into by the parties was a misdemeanor. The Court of Appeals said: " The learned counsel for the appellant insists that Kent & Co. were not principals, but were mere agents for the principals, and that they cannot avoid payment upon the ground that the transactions were illegal. When persons knowingly promote and participate in carrying out a criminal scheme they are all principals, and the fact that one of the parties acts, in some respects, in subordination to the others, and is to profit less than the others, or not at all, by the consummation of the scheme, does not render such person less a principal." (P. 378.)

The court added: " The relief sought would require the court to investigate all of the various transactions of these parties, from the beginning to the end of their unlawful enterprise, and adjust the differences between them. This is precisely what courts have always refused to do. The fraud which the trial court found was practiced by these defendants upon their associates cannot be too strongly condemned, but courts are not organized to enforce the saying that there is honor among law-breakers, and the desire to punish must not lead to a decision establishing the doctrine that law-breakers are entitled to the aid of courts to adjust differences arising out of, and requiring an investigation of, their illegal transactions." (Pp. 379–380.)

If it be urged that the counterclaims do not show the contract illegal in that they do not allege that paying commissions to the buyer's agent was without the buyer's knowledge, the answer is that with regard to purchasing agents the arrangement alleged in the pleadings is illegal under the third and fourth alternative clauses of subdivision 1 of section 439 of the Penal Law, even if made with knowledge of the principal.

That section, entitled "Corrupt influencing of agents, employees or servants", in the first clause of subdivision 1 forbids giving a gratuity to an employee of another under certain conditions without the knowledge and consent of the principal. The same subdivision then proceeds in the alternative under clauses third and fourth to forbid without qualification a *purchasing agent* from receiving from the seller a commission or the seller from giving or offering a commission to a purchasing agent. In the alternative provisions in such clauses, the qualifying phrases repeated in each of the preceding clauses referring to the principal's knowledge, are completely omitted. So far as relevant that part of the statute in point reads: "* * * or an agent * * * who, being authorized to procure * * * merchandise either by purchase or contract for * * * the credit of the principal * * * receives * * * for himself or for another, a commission * * * from the person who makes such sale or contract * * *; and any person who gives or offers such an agent * * * such commission * * * is guilty of a misdemeanor * * *."

Accordingly, under the statute as applicable to the facts alleged in the counterclaims, the giving or offering to give a commission to Piccard, a purchasing agent, would be illegal irrespective of the knowledge or consent of the principal (*People* v. *Davis*, 160 N. Y. S. 769 [Court of Special Sessions, New York County, 1915, opinion by RUSSELL, C. J.]). As pointed out in the opinion in that case, there is a distinction based on the custom of giving gratuities or tips to employees with the knowledge of the employer on the one hand, and the bribery of a purchasing agent on the other, as business experience demonstrates the necessity, in the latter case, of assuring complete fidelity to one master.

It is significant, though not determinative of this motion addressed solely to the counterclaims, that defendant in its amended answer alleges as a separate defense that the agreement set forth in the complaint and the activities alleged are "in violation of the laws of New York and in violation of the public policy of New York".

The first and second counterclaims are based on illegal transactions and are not enforcible whether executed or executory (*Sirkin* v. *Fourteenth Street Store,* 124 App. Div. 384 [1st Dept. 1908]; *Leonard* v. *Poole,* 114 N. Y. 371, *supra*).

Accordingly, I dissent in part and vote to reverse the order of December 19, 1947, denying plaintiffs' motion to dismiss the counterclaims contained in the amended answer and to grant the motion; I agree that the appeal from the order of October 9, 1947, should be dismissed as the amended answer makes the appeal from that order academic.

PECK, P. J., and COHN, J., concur with VAN VOORHIS, J.; DORE, J., dissents in opinion, in which GLENNON, J., concurs, on appeal from the order entered December 19, 1947.

Order entered December 19, 1947, denying plaintiffs' motion to strike out the counterclaims contained in the amended answer, as insufficient in law, affirmed, with $20 costs and disbursements. (GLENNON and DORE, JJ., dissent.) Appeal from so much of order entered October 9, 1947 as denies plaintiffs' motion to strike out the counterclaim in the answer unanimously dismissed. Settle order on notice. [See 274 App. Div. 783.]