order, with notice of entry thereof, on payment of said costs and the costs awarded by the order of this court entered herein on June 1, 1948. Present — Glennon, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ. [See *ante*, p. 753.]

MURRAY B. STONE et al., Doing Business as STONE & STONE Co., v. JACK FREEMAN, Doing Business as HOM-O-ZONE OF MANHATTAN.— Motion for leave to appeal to the Court of Appeals granted. Settle order on notice. Present — Peck, *P. J., Glennon, Dore, Cohn and Van Voorhis, JJ. [See 273 App. Div. 600.]

THEODORE F. WHITMARSH v. WILLIAM E. FARNELL.— Motion by landlord-respondent for leave to appeal to the Court of Appeals granted. Motion for reargument denied. Settle order on notice. Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ. [See 273 App. Div. 584.]

THEODORE F. WHITMARSH v. WILLIAM E. FARNELL.— Motion by tenant-appellant for leave to appeal to the Court of Appeals granted. Settle order on notice. Present — Peck, P. J., Dore, Callahan, Van Voorhis and Shientag, JJ. [See 273 App. Div. 584.]

LOUIS EISENBERG v. LOUIS ADLER REALTY Co., INC., et al., and NATIONAL HOUSE CLEANING CONTRACTORS, INC.— Motion for leave to appeal to the Court of Appeals granted. Settle order on notice. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ. [See 273 App. Div. 641.]

ROBERT J. WIENER, as Administrator of the Estate of PATRICIA A. WIENER, DECEASED, v. SPECIFIC PHARMACEUTICALS, INC.— Motion for leave to appeal to the Court of Appeals granted. Settle order on notice. Present — Glennon, J. P., Cohn, Callahan, Van Voorhis and Shientag, JJ. [See *ante*, p. 751.]

SOPHIE BUCHSBAUM v. JULIUS BUCHSBAUM.— Motion for reargument and for other relief denied, without prejudice to submitting on notice a proposed order containing essential findings. Present — Peck, P. J., Glennon, Dore, Van Voorhis and Shientag, JJ. [See 273 App. Div. 1006.]

## (June 22, 1948.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL SCALLON, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* KATHRYN SCALLON, Appellant.

*Per Curiam.* The series of medical treatments illegally rendered by defendants to the persons named in the indictment, with the exception of a single treatment by defendant Michael Scallon, were rendered in New York County. The single treatment administered by defendant Michael Scallon, at Port Washington, in the county of Nassau, to the patient Hildegarde Hutchings, had to be proven in order to complete the narrative of the course of medical treatments illegally given to this patient, the rest of which occurred in New York County. In *People* v. *Devinny* (227 N. Y. 397) the indictment, which was held to have been insufficient, failed to name the persons charged with having been treated, and the Court of Appeals pointed out that whenever an offender has held himself out as able to and has offered to treat a patient, there has been a completed