ANNA BERGEN et al., Respondents, v. MARY WYCKOFF et al., FRANK CROOKE, Purchaser, Appellant.

*It seems* that the provision of the Code of Civil Procedure (§ 451), in reference to the manner of designating and of service of summons upon unknown defendants, applies to all actions in which service of summons may be by publication, including actions for partition.

Where a plaintiff in an action for partition dies after argument at General Term, and before decision of an appeal from an order requiring a purchaser on sale under the judgment to complete his purchase, the General Term has power to direct its order to be entered *nunc pro tunc,* as of a day prior to the death.

(Argued March 4, 1881 ; decided March 8, 1881.)

THIS was an appeal from an order of General Term, affirming an order of Special Term requiring a purchaser on sale under a judgment in an action for partition to complete his purchase. He assigned various grounds of objection to the title, among others, that the proceeding

against unknown owners was irregular; that it was governed by the Revised Statutes and not by the Code. The summons, after naming certain parties defendants, concluded by referring to " all other persons (if any) having, or claiming to have, any interest or claim against the premises sought to be partitioned, \* \* \* \* all of whose names are unknown to the plaintiff." The summons, as to such persons, was served by publication for six weeks, upon the assumption that section 451 of the Code of Civil Procedure (1878) applied to actions in partition. The court say: " That section is general, and was, we think, intended to apply to all actions in which service by publication may be made. But it is a sufficient answer to the objection made, that it appears by the moving affidavit, the referee's report, and the judgment, that there were and are no unknown owners, and that the owners were named in the summons and were properly served." After the argument of the appeal at General Term and before the decision, one of the plaintiffs died; that court directed the order of affirmance to be entered *nunc pro tunc*, as of a day prior to the death. *Held*, that the court had power so to direct.

Various other objections were disposed of on the facts.

*Frank Crooke* for appellant.

*Edgar Bergen* for respondents.

*Per curiam* opinion for affirmance.
All concur, except RAPALLO, J., absent.
Order affirmed.