(6 Misc. Rep. 52.)

### PEETSCH v. QUINN. (No. 3.)

(City Court of New York, General Term. November 27, 1893.)

1. FILING OF DECISION—PRESUMPTION AS TO TIME.
　　Where an affirmance by the general term is handed down and filed on the day of defendant's death, it will be presumed, in the absence of positive proof as to the exact time of filing, that it was filed during defendant's lifetime.
2. ENTRY NUNC PRO TUNC—DISCRETION OF COURT.
　　It is within the discretion of the judge to direct an order of affirmance, and judgment thereon, to be entered nunc pro tunc as of the date of the decision of the general term, though the defendant has died since such decision.
3. POWERS OF ATTORNEY—ENTRY OF JUDGMENT.
　　A judgment was entered for costs in favor of defendant, and plaintiff appealed to the general term, which affirmed the judgment, whereupon the person who had been defendant's attorney from the commencement of the action taxed his costs, and entered judgment therefor. Said attorney paid all the disbursements included in the original judgment and on appeal. *Held*, that he had an attorney's lien on these costs, and was entitled to enter judgment, and issue execution for their collection, after defendant's death.

Appeal from special term.

Action by Henry C. L. Peetsch against William H. Quinn. From an order entered at special term, plaintiff appeals. Affirmed.

Argued before VAN WYCK and McCARTHY, JJ.

Johnson & Johnson, for appellant.

Michael H. Curran, for respondent.

---

[1] Code Civil Proc. § 763 provides that if either party to an action dies after a verdict, report, or decision, or an interlocutory judgment, but before final judgment is entered, the court must enter final judgment in the names of the original parties.

McCARTHY, J. This is an appeal from an order, denying a motion to vacate a judgment entered in this action on June 22, 1893, and also directing that the order of affirmance entered November 20, 1891, and the judgment entered June 22, 1893, be entered nunc pro tunc as of the date of the decision of the general term of this court, to wit, November 16, 1891.

The affidavits on this motion, as to the time of the death of the defendant, are conflicting; and, in the absence of positive proof as to the exact time of his death on the day when the decision of the general term of this court was handed down and filed, we must hold, and the presumption is, that it was filed during the lifetime of the defendant. It was therefore not necessary to revive the action in the name of the personal representatives of the defendant, in order to enter the order of affirmance. See Code Civil Proc. § 763. The appellant's counsel concedes this to be correct, if the decision occurred before the defendant's death. All his authorities refer to cases where the party died before the decision was made. The fact of the time of defendant's death was found against him by the justice who heard the motion; for such we must assume he did, in arriving at his decision. Under the prayer, "for such other and further order or relief, or both, as to the court or justice may seem proper," the justice had a right and power, in the interest of justice and the exercise of his sound discretion, to direct that the order and judgment spoken of should be entered nunc pro tunc. See Bergen v. Wyckoff, 1 Civil Proc. R. 1-9, also in 84 N. Y. 659, 660; Long v. Stafford, 103 N. Y. 274, 281, 282, 8 N. E. 522.

The only other question to consider is, did the attorney have the power to enter this order of affirmance and judgment? I think, from an examination of the papers, he had. It appears uncontradicted that Curran was the attorney for the defendant from the commencement of the action, both at the trial, through which, under the rules and practice, a judgment for costs, in favor of the defendant, amounting to the sum of $19.12, was entered; that the plaintiff appealed to the general term of this court, which affirmed the judgment, and Curran, the attorney, thereupon taxed his costs, and entered judgment for the same, amounting to $89.45; that he (Curran) paid all the disbursements in the case on appeal, and also the disbursements included in the original judgment. He then had an attorney's lien on these costs, and must be deemed an equitable assignee of the same, and was entitled to enter the judgment, and was entitled to issue an execution for the collection of the same. See Lachenmeyer v. Lachenmeyer, 65 How. Pr. 422. This case has not been overruled. The cases cited by the appellant are not in point, and are all determinations of various points which do not arise in this case. In none of them is the point raised here presented. Neither can I perceive any analogy to the case at bar. For these reasons, the order should be affirmed, with costs.