(30 Misc. Rep. 378.)

LENEHAN v. COLLEGE OF ST. FRANCIS XAVIER et al.

(Supreme Court, Special Term, New York County. January, 1900.)

1. UNKNOWN PARTIES—DESIGNATION IN PROCESS.

Code, § 451, providing that an unknown person may be designated in all processes as unknown, and a description added tending to identify him, applies to all actions in which service of summons may be by publication, including partition.

2. JUDICIAL SALES—PURCHASE—COMPELLING COMPLETION.

Where there were no unknown defendants who were necessary parties to an action, an objection to an improper designation of unknown parties in summons was unavailing as an excuse for failing to complete a purchase of lands made at a judicial sale.

3. SAME—POWER OF COURT.

The court may, in the exercise of a sound discretion, compel a purchaser at a judicial sale of lands to complete his purchase, where an alleged outstanding title is but a mere possibility.

Action by John J. Lenehan against the College of St. Francis Xavier and others. Motion to compel one Samuel Block to complete his purchase of lands at a judicial sale. Granted.

Lenehan & Dowley, for the motion.
Holls, Wagner & Burghard, opposed.

GILDERSLEEVE, J. This is a motion made by the plaintiff to compel one Samuel Block to complete his purchase of premises No. 151 East Eighty-First street, in this city, on a sale in an action for partition. The refusal of the purchaser to accept the referee's deed and complete the purchase is based upon the following claim, to wit:

"(1) Because it is a matter of grave doubt as to whether the heirs at law of Ann Owens and Catharine Coy, deceased, are parties to this action, inasmuch as the amendment of the interlocutory judgment of April 28, 1897, and final judgment of November 5, 1897, designates the unknown heirs of Catharine Coy and Ann Owens by fictitious names; and that, instead of designating such unknown heirs as a class, they are attempted to be sued by the fictitious names of John Doe and Richard Roe, only one person being sued as the heir of Catharine Coy, and only one person as the heir of Ann Owens; while it seems to be the rule that the use of fictitious names is only allowable where the parties to be sued are known, but their names unknown, and that, where persons constitute a class, the number of which is not known, they should be sued as a class, and not by fictitious names. (2) The wives, if any, of George Coy and of the unknown heirs of Catharine Coy and Ann Owens, are not parties to the suit, and, if any such parties exist, the court has acquired no jurisdiction whatsoever over them."

It seems to be conceded that, if there are any heirs of Catharine Coy or of Ann Owens, these heirs are necessary parties to the suit; and that, if George Coy, or any of the unknown heirs above referred to, assuming them to exist, have wives, such wives are also necessary parties to the suit. The point in issue is as to whether they have been sufficiently designated in the summons. The designation of the supplemental summons and of the interlocutory and final judgments in this respect is as follows, viz.:

"John Doe (the said name John Doe being fictitious, and being intended to designate the unknown heirs, if any, of Catharine Coy, deceased, whose real names, if any, are unknown to plaintiff), Richard Roe (the said name Richard Roe being fictitious, and being intended to designate the unknown heirs, if any, of Ann Owens, deceased, whose real names, if any, are unknown to the plaintiff)."

No mention is made in the summons or judgments of any possible wife of George Coy. The plaintiff, however, swears that said George Coy made an affidavit, which was annexed to the referee's report, in which he swore that he was the natural son of the said Catharine Coy, and that she left no legitimate heirs, and no natural children other than himself, and that he himself was unmarried. There does not appear to be any contradiction to this statement. The plaintiff claims that the reference in the summons to any possible heirs of Catharine Coy or of Ann Owens was unnecessary, and was put in by way of extra caution. The plaintiff further swears that the court, in its decision of the case, found as follows, viz.:

"(16) That the land sought to be partitioned is the only real estate owned by the parties to this suit as tenants in common, and that there are no parties in interest other than those joined in this action."

The purchaser, however, claims that there is reason to believe that some heirs of Coy or of Owens exist, although their names are unknown, and that they have been insufficiently designated in the summons.

Section 451 of the Code reads as follows, viz.:

"Where the plaintiff is ignorant of the name or part of the name of a defendant, he may designate that defendant, in the summons, and in any other process or proceeding in the action, by a fictitious name, or by as much of his name as is known, adding a description identifying the person intended. Where the plaintiff demands judgment against an unknown person, he may designate that person as unknown, adding a description, tending to identify him. In either case, the person intended is thereupon regarded as a defendant in the action, and as sufficiently described therein, for all purposes, including service of the summons, as prescribed in article second of the last title. When the name, or the remainder of the name, of the person, becomes known, an order must be made by the court, upon such notice and such terms as it prescribes, that the proceedings already taken be deemed amended, by the insertion of the true name, in place of the fictitious name or part of a name, or the designation as an unknown person; and that all subsequent proceedings be taken under the true name."

In Abbott v. Curran, 98 N. Y. 665, it was held that, in a foreclosure case, the summons addressed to unknown owners, who were described, and with the words, "if any," inserted therein, was sufficient. In Bergen v. Wyckoff, 84 N. Y. 659, it was held that the manner of designating unknown defendants and of service of summons

upon unknown defendants provided in section 451 applies to all actions in which service of summons may be by publication, including actions for partition. In that case it was further held that, where it appeared that there were no unknown owners, the objection to an improper designation of unknown owners was unavailing. In the case at bar, as we have seen, the plaintiff claims that there were no unknown defendants, and that said Catharine Coy and Ann Owens have no heirs other than those properly and fully designated in the summons. The rule as to the rights of purchasers, in cases like the present one, has been stated by the court of appeals, by Andrews, J., as follows, viz.:

"The purchaser is entitled to a marketable title. A title open to a reasonable doubt is not a marketable title. The court cannot make it such by passing upon an objection depending on a disputed question of fact, or a doubtful question of law, in the absence of the party in whom the outstanding right was vested. He would not be bound by the adjudication, and could raise the same question in a new proceeding. The cloud upon the purchaser's title would remain, although the court undertook to decide the fact or the law, whatever moral weight the decision might have. It would especially be unjust to compel a purchaser to take a title, the validity of which depended upon a question of fact, where the facts presented upon the application might be changed on a new inquiry, or are open to opposing inferences. There must, doubtless, be a real question and a real doubt. But, this situation existing, the purchaser should be discharged." Fleming v. Burnham, 100 N. Y. 10, 2 N. E. 907.

Is there "a real question and a real doubt" in the case at bar? In Cambrelleng v. Purton, 125 N. Y. 610, 26 N. E. 907, it was held that:

"While a purchaser at a judicial sale is entitled to a marketable title,—that is, one free from reasonable doubt,—and while he will not be compelled to take title where a doubtful question of fact, relating to an outstanding right, is not concluded by the judgment under which the sale was made, still, if the existence of the alleged fact which is claimed or supposed to constitute a defect in or cloud upon the title is a mere possibility, or the alleged outstanding right is but a very improbable or remote contingency, the court may, in the exercise of a sound discretion, compel the purchaser to complete his purchase."

The fact of the existence of any unknown heirs of Coy or of Owens or of a wife of George Coy is extremely doubtful, even assuming that such unknown heirs have been improperly designated in the summons. So far as a possible wife of George Coy is concerned, it appears that he himself has declared that he is unmarried. Upon all the facts and circumstances disclosed by the papers presented on this motion, I am inclined to think that the objections specified by the purchaser are not sufficient to warrant the court in relieving him from his contract. The motion is granted, with $10 costs.

Motion granted, with $10 costs.