Fuld, J.
These two actions were brought by relatives of Daniel Huntting, pursuant to section 1137 of the Civil Practice Act, to annul his marriage to Sally Jennings on the ground of his lunacy at the time the marriage was contracted. Both husband and wife have died since the actions were begun, and the procedural problems created by their decease give rise to greater complexities than the substantive merits of tlm annulment suits.
The marriage took place on October 7,1957, when the husband was 79 and the wife 63. Neither had been previously married. On June 9,1959, some 20 months after the marriage, the husband was adjudicated incompetent to manage his affairs by reason of imbecility arising from old age and loss of memory. Shortly thereafter, the husband’s sister and niece instituted these actions for annulment. Following a joint trial without a jury, the Supreme Court granted an interlocutory judgment annulling the marriage. Upon appeals taken by the wife, the Appellate Division reversed the judgment on the law and the facts and ordered a new trial in each action, holding that the findings of the trial court were against the weight of the evidence; however, it made no new findings of its own.
The husband died shortly after entry of the judgment of annulment and prior to the taking of the appeals. The wife died 11 days before the Appellate Division’s decisions were rendered, but, since her death did not occur until after the submission of the appeals, that court denied motions by plaintiffs to vacate the decisions and orders.
The plaintiffs appealed to this court from the Appellate Division’s orders of reversal, and, following a motion by the wife’s executor to dismiss the appeals, filed the requisite stipu *498 lations for judgment absolute in the event of affirmance, whereupon we denied the motion to dismiss (9 N Y 2d 823). The plaintiffs now move for leave to withdraw such stipulations, and the appeals based upon them, and seek permission to substitute therefor appeals which they have taken to this court from judgments entered on their application at a Special Term of the Supreme Court dismissing the complaint in each action. The complaints were apparently dismissed on the ground that no new trial—as the Appellate Division had directed — could be held since section 1137 does not permit the maintenance of an action for annulment by a relative of the lunatic after the death of the other party to the marriage.
Although the wife’s death may have rendered a new trial impossible, it did not operate to abate either the actions which had theretofore culminated in the judgment of annulment or the appellate proceedings for the review of such judgment. (See Blake v. Griswold, 104 N. Y. 613; Carr v. Rischer, 119 N. Y. 117; Van Ness v. Ransom, 215 N. Y. 557.) Once an action for annulment is begun and a judgment entered at the trial level, the appellate process may be pursued to termination despite the intervening death of a party, upon the substitution of the latter’s legal representative. The wife’s death did not, therefore, defeat any right of appeal that the plaintiffs would otherwise have had to seek reinstatement of the judgment reversed by the Appellate Division. (See Carr v. Rischer, 119 N. Y. 117, supra; cf. Civ. Prac. Act, § 89.) The nature and extent of the available avenues of appeal, however, turn on the general principles governing this court’s jurisdiction and practice.
It is clear that the judgments entered in the Supreme Court dismissing the complaints cannot be regarded as the judgments of the Appellate Division for the purposes of appeal to this court. Quite obviously, the order of the Appellate Division directing a new trial could not in any sense be deemed a direction or authorization for the entry, upon that order, of final judgment dismissing the complaint. Such a judgment could properly have been entered upon that order only if the Appellate Division itself had either held that the evidence adduced at the trial was as a matter of law insufficient to support the requisite finding of lunacy or had made new findings of fact on the *499 question of lunacy contrary to those of the court below and had directed the entry of final judgment thereon. However, as we have seen, the Appellate Division took neither of those positions; it merely ordered a new trial.
An appellate court is empowered to render decision as of the date of the argument or submission of the appeal and in the light of the situation then prevailing and for that purpose to disregard the death of a party occurring in the intervening period. (See Morgan v. Keyes, 302 N. Y. 439, 446-447; Bergen v. Wyckoff, 84 N. Y. 659; MacLean v. Hart, 238 App. Div. 1, affd. 262 N. Y. 552.) Consequently, the power of the Appellate Division to order a new trial in the case before us is beyond question, in view of the fact that the appeals had been submitted to it while the wife was still alive. There is, therefore, no need to consider possible limitations on the Appellate Division’s authority in this respect in the situation where the party’s death occurs prior to the argument or submission. (Cf. McDonnell v. Gerken, 234 N. Y. 623.)
Nor are the judgments of the Supreme Court appealable to this court, under section 590 of the Civil Practice Act, as final judgments entered following an interlocutory determination of the Appellate Division. It is settled that an order of the Appellate Division, such as those in this case, which grants a new trial generally is not an interlocutory determination within the meaning of section 590. (See Leonhardt v. State of New York, 291 N. Y. 676; Foley v. State of New York, 293 N. Y. 852; see, also, Cohen and Karger, Powers of the New York Court of Appeals, p. 317.)
It follows that appeal to this court at this juncture lies only from the orders granting a new trial, and only upon the stipulations for judgment absolute which appellants have filed (Civ. Prac. Act, § 588, subd. 3). However, as the appellants evidently now recognize, this court would have no alternative, in disposing of such appeals, but to affirm and render judgment absolute against them. This, of course, follows from the circumstance that the evidence at the trial presented questions of fact and that this court would be powerless on appeals from such nonfinal orders to review the correctness of the Appellate Division’s determination on the weight of the evidence. (Civ. Prac. Act, § 588, subd. 3; § 604; see Curcio v. *500 City of New York, 275 N. Y. 20, 22; Rockowitz C. & B. Corp. v. Madame X Co., 248 N. Y. 272, 275; see, also, Cohen and Karger, Powers of the New York Court of Appeals, pp. 295-297.) Indeed, the scope of review available in this court would likewise be no greater even if we were to entertain the appeals from the Supreme Court’s judgments, since such judgments were not entered pursuant to any findings of new facts by the Appellate Division. (N. Y. Const., art. VI, § 7; Civ. Prac. Act, § 604; see York Mtge. Corp. v. Clotar Constr. Corp., 254 N. Y. 128, 133.)
This court has adopted a most liberal practice in permitting the withdrawal of stipulations for judgment absolute and the appeals based on such stipulations and, in accordance with this practice (see Cohen and Karger, Powers of the New York Court of Appeals, pp. 304-305), the appellants may withdraw their stipulations and the appeals based thereon, on condition, however, that they pay the costs of this appeal to the respondent. As to whether the appellants may, as they apparently propose to do, relitigate in the Surrogate’s Court the issue of the husband’s lunacy at the time of the marriage is a question not presented by this appeal and, of course, we do not consider or pass upon it.
The appeals from the judgments of the Supreme Court, Suffolk County, should be dismissed, the appellants’ applications for leave to withdraw the stipulations for judgment absolute should be granted on condition that the costs and disbursements be paid to the respondent and the appeals from the orders of the Appellate Division, based on such stipulations, should be dismissed, with costs.
Chief Judge Desmond and Judges Dye, Froessel, Van Voorhis, Burke and Foster concur.
Appeals dismissed, etc.