■ Joseph M. Chimenti, Respondent, v. Hertz Corporation et al., Appellants.— In a negligence action to recover damages for personal injury, in which this court previously granted a new trial (Chimenti v. Hertz Corp., 23 A D 2d 495), the defendants (purportedly including defendant Frey) appeal from an order of the Supreme Court, Queens County, entered October 15, 1965, which granted plaintiff's motion for leave to serve an amended complaint and an amended bill of particulars. Appeal, insofar as it purports to be by defendant Frey dismissed, without costs. Order, insofar as it affects the remaining appellants, affirmed, without costs. The proposed amended complaint and the proposed amended bill of particulars printed in the record on appeal shall be deemed to have been served and the time to answer is extended until 10 days after entry of the order hereon. It appears that after the first trial but prior to the making of the motion presently under review, the defendant Frey died. There has been no substitution for him by a representative of his estate. Hence the notice of appeal, insofar as it purports to be by him, is void and cannot bring the appeal before this court (Speier v. St. Francis Church, 3 A D 2d 732; Matter of Huberman v. O'Connell, 282 App. Div. 762, 770). It should be noted that the Special Term likewise lacked jurisdiction to pass on the motion as to him (cf. CPLR 5016, subd. [d]). Beldock, P. J., Christ, Rabin and Hopkins, JJ., concur; Brennan, J., concurs in dismissal of the appeal insofar as it purports to be by defendant Frey; but, as to the other defendants, dissents and votes to reverse the order and to deny plaintiff's motion, with the following memorandum: The plaintiff has been guilty of gross laches in raising the statutory cause of action; and defendants quite obviously have been prejudiced by the death of the only person with knowledge of the facts.

■ Philip Florio, Appellant, v. Glen Oaks Village, Inc., Respondent.— In a negligence action to recover damages for personal injury, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, entered August 13, 1965 upon reconsideration, as adhered to the court's original decision denying his application for a general preference in trial. Order, insofar as appealed from, reversed, without costs; plaintiff's application for a preference in trial granted; and action remitted to the Trial Term for the purpose of placing it in the appropriate position on the Trial Calendar. In view of the extent of the claimed injuries and special damages sustained by plaintiff and of the medical information establishing a permanent partial disability in the use of his left leg, it is our opinion that the jurisdictional monetary limitation of the Civil Court of the City of New York may preclude adequate recovery by plaintiff in that court. Therefore, it was an improvident exercise of discretion to deny his preference application. Christ, Rabin and Benjamin, JJ., concur; Beldock, P. J., and Hill, J., dissent and vote to affirm the order.