## (February 24, 1967)

■ PETER DONLON, Respondent, v. DANIEL PUGLIESE, Defendant, and CHARLES E. DENTON, Appellant.— GIBSON, P. J. Defendant Denton appeals from an order which denied his motion for summary judgment dismissing as to him the complaint in a negligence action arising out of a collision between automobiles operated by him and by defendant Pugliese in opposite directions on a two-lane highway. Plaintiff was a passenger in the Pugliese car. In his moving affidavit, appellant said that he was traveling in his own lane when the Pugliese car crossed into it; that appellant applied his brakes and pulled as far to his right as possible, further progress in that direction being obstructed by wooden traffic barriers in place at that point; and that the collision occurred in appellant's lane when three-fourths of the Pugliese car was in appellant's lane. Appellant's version of the accident is corroborated by a photograph and more significantly by defendant Pugliese's testimony upon his examination before trial, which was quoted verbatim in the moving affidavit and again in the answering affidavit. This was in no respect questioned or impeached and is properly before us. Mr. Pugliese there testified

that his car skidded to appellant's side of the road, and "about three-quarters of my car was on his side of the road, and that's when we collided, right at that moment." Although this may well indicate Mr. Pugliese's negligence, prima facie (cf. *Pfaffenbach* v. *White Plains Express Corp.*, 17 N Y 2d 132), the issue of his negligence was not before the Special Term and is not here, and to the extent that the dissenting memorandum indicates otherwise and may rest in part on that conclusion, it seems to us to be mistaken. Mr. Pugliese's testimony, corroborated by his accident report, does serve, however, to fortify appellant's claim and evidentiary showing of his own freedom from negligence. From this and all of the appellant's proof, there seems to us no basis whatsoever for plaintiff's claim that appellant was in some undisclosed manner negligent. It remains, then, to determine whether appellant's factual averments are contradicted or in any way undermined; but examination reveals no contrary proof whatsoever, plaintiff's answering affidavit stating merely that he "has no real recollection of the accident [but] feels that the accident * * * was caused by the negligence in part of the defendant Denton"; and, indeed, the minority memorandum refers to no evidence of appellant's negligence and suggests no specific basis for a finding thereof. When the remedy of summary judgment was expanded to cover tort actions, which then constituted, and still do, the most prolific cause of calendar congestion and delay and the most massive obstruction to prompt and expeditious disposition of court business, the clear intent was to furnish another weapon in aid of the latter objective; and it seems the unquestionable duty of Special Term and appellate Judges to utilize it in cases as clear as this, rather than to strain to find issues, however nebulous, which may preserve an unfounded claim for litigation or negotiation. In denying the motion, Special Term mistakenly relied on *Gale* v. *City of New York* (18 A D 2d 12, app. dsmd. 13 N Y 2d 892) and *Blixton* v. *MacNary* (23 A D 2d 573), neither being in point. Each involved a driver against driver situation in which the plaintiff moved for summary judgment; and in neither did the plaintiff produce adequate proof, by factual, rather than conclusory averments, sustaining his double burden of demonstrating defendant's negligence and his own freedom from contributory negligence; and each case, incidentally, was decided prior to *Pfaffenbach* (17 N Y 2d 132, *supra*); but upon this motion, involving the sole issue of appellant's negligence, the proof was factual, adequate and uncontradicted. Indeed, in the more difficult case of a plaintiff's motion, we have awarded summary judgment upon a factual showing no more compelling than the evidence in the case before us. (*Hood* v. *Murray*, 25 A D 2d 163, app. dsmd. 17 N Y 2d 911.) Order reversed, on the law and the facts, and motion for summary judgment granted, without costs. Gibson, P. J., Reynolds and Aulisi, JJ., concur in memorandum decision by Gibson, P. J.; Herlihy and Staley, Jr., JJ., dissent and vote to affirm in the following memorandum by Herlihy, J. HERLIHY, J. (dissenting). The plaintiff was a passenger in the automobile operated by the codefendant Pugliese which was in collision with the appellant Denton's automobile. The motion was based on an admission by Pugliese that at the time of the accident Pugliese had allowed his automobile to come into the opposite lane of traffic in which appellant was traveling. It appears that under the weather and road conditions, the speed of the automobiles and the point of contact, there were issues of fact for a jury as to the negligence of both defendants. On the trial the factual issue may well be decided in favor of the appellant but on the present record it is our opinion that a dismissal is not warranted as a matter of law. Excerpts from the examination before trial are set forth in the affidavits, but the complete record of such examination is not before this court. The order should be affirmed, with costs.