■ RAYMOND WARREN, Respondent, v. EARL COLE, Appellant, et al., Defendants.— Appeal from an order of the Supreme Court, Dutchess County, dated June 21, 1966, which denied a motion purportedly made by defendant Earl Cole on April 29, 1966 and returnable on May 16, 1966, before answer, to dismiss the complaint as to him, upon the ground that plaintiff's cause of action against him was barred by the Statute of Limitations. Appeal dismissed, without costs. It appears that prior to the making of the motion presently under review, the defendant Cole died. There has been no substitution for him by a representative of his estate. Hence the Special Term lacked jurisdiction to pass on the motion, and the notice of appeal, which purports to be by him, is void and cannot bring the appeal before this court (*Chimenti* v. *Hertz Corp.*, 25 A D 2d 562). We have, however, examined the merits and have concluded that, if there were jurisdiction, the motion should be denied. Christ, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.

## (April 29, 1968)

■ FRANKLIN NATIONAL BANK, Respondent, v. MILLARD SIEGLAR et al., Appellants.— Appeal by defendants from two orders of the Supreme Court, Nassau County, dated respectively September 6, 1967 and January 16, 1968, the former denying defendants' motion to strike the cause from the Trial Calendar and to vacate plaintiff's statement of readiness and the latter conditionally granting plaintiff's motion for a protective order. Order dated September 6, 1967 affirmed, with $30 costs and disbursements. In our view, under the circumstances disclosed, the denial of defendants' motion was an exercise of sound discretion. Order dated January 16, 1968 modified, on the facts, to the extent of adding thereto a provision (1) granting leave to defendants to apply to the Special Term for further directions with respect to (a) the discovery and inspection sought of plaintiff and (b) the propriety of questions propounded to Marvin Klein and his alleged refusal to answer and (2) directing that on such renewal application the Special Term may, in its discretion, fix the time and place of a further discovery and inspection and impose appropriate terms to cover plaintiff's incidental expense. As so modified, order affirmed, without costs. Such renewal application may be made within five days after entry of the order hereon. In our opinion, a provision in accordance with the modification herein should have been included in the order dated January 16, 1968. Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.