■ ROBERT POSSENTI, as Guardian ad Litem of LOUIS M. POSSENTI, an Infant, Respondent, v GERALDINE LANZA et al., Respondents, and MILDRED POSSENTI et al., Appellants.—In a negligence action to recover damages for personal injuries sustained in an automobile accident, defendant Mildred Possenti purports to appeal, and defendant Julio F. Possenti appeals, from an order of the Supreme Court, Putnam County, dated January 9, 1976 (misdated as January 9, 1975), which denied their motion for summary judgment dismissing (a) the complaint insofar as it is against them and (b) the cross claim asserted against them. The appeal also brings up for review so much of a further order of the same court, dated March 8, 1976, as, upon reargument, adhered to the original determination insofar as it denied the motion on behalf of defendant Julio F. Possenti. Appeal, insofar as it purports to be by defendant Mildred Possenti, dismissed, by reason of her death prior to the making of the motion under review. Appeal by defendant Julio F. Possenti from the order dated January 9, 1976 dismissed as academic. That order was superseded by the order dated March 8, 1976. Order dated March 8, 1976 reversed insofar as reviewed, on the law, and motion on behalf of defendant Julio F. Possenti for summary judgment granted. Defendant Julio F. Possenti is awarded one bill of $50 costs and disbursements against plaintiff-respondent and defendants-respondents jointly. It is undisputed on the present record that at or about 12:50 P.M., on the afternoon of February 6, 1970, a 1969 Volkswagen sedan owned by defendant Conrad Lanza and operated by defendant Geraldine Lanza, his daughter, "skidded" while attempting to negotiate a slight, right-hand curve on Canopus Hollow Road in Putnam Valley, New York, and crossed into the southbound lane, where it came into contact with a 1967 Ford station wagon owned by defendant Julio F. Possenti and operated by defendant Mildred Possenti, his wife. At the point of impact, Canopus Hollow Road is a winding, undivided, two-lane country road, accommodating one lane of traffic in each direction. The weather was described as clear, but there was snow on the ground and ice on the roadway. There were no passengers in the Lanza vehicle. The Possenti vehicle was occupied by a neighbor of the Possentis, Joan Naylor, as well as by her three-year-old son, David, and Robert Possenti, the appellants' four-year-old child. At the time of the accident Mildred Possenti was pregnant with the infant plaintiff, Louis Possenti, who was born approximately six weeks later. Mrs. Possenti died on

September 8, 1974 from causes unrelated to the accident. According to the examination before trial of Geraldine Lanza, she was proceeding northbound on Canopus Hollow Road at about 15 miles per hour when she observed the Possenti vehicle approaching in the opposite direction in the southbound lane, at a distance of about 40 feet. She applied her brakes and the car skidded to the left, crossing into the southbound lane, where it collided with the Possenti vehicle. The following questions and answers appear in the examination before trial: "Q. Can you tell us how far you were from where the impact occurred when you first observed the other car? A. I would say approximately between 20 and 30 feet. Q. Approximately how far was the other car from where the impact occurred when you first saw it? A. From the impact when I first saw it, I would say about ten feet. Q. When you first saw the other car, it was about 40 feet in front of you, is that a fair statement? A. Yes. Q. Was it moving at the time? A. Yes. * * * Q. From the time you first saw the other car until finally the impact occurred, did you continue to watch the other car? A. The whole way, yes. Q. What, if anything, did you observe about the movement of the other car from the time you first observed it until impact? A. It pulled to its right. Q. It pulled to its right? A. To get off the road as much as possible and come to a stop. Q. Did the other car get off the road? A. No. Q. At the time of impact between your car and the other car, was the other car moving, or was it stopped? A. Stopped." This version of the accident is corroborated by the police department accident report filed in connection therewith, and by the motor vehicle reports filed by the respective drivers. It is borne out as well by the affidavit of Joan Naylor, read in support of the motion for summary judgment, wherein she states that "As the [Possenti] vehicle * * * approached an incline on * * * Canopus Hollow Road, a 1969 Volkswagon [sic] driven by one Geraldine Lanza * * * crossed over the line dividing the road and * * * *Mildred Possenti immediately stopped the car which deponent was a passenger in on the shoulder of the road.* The * * * 1969 Volkswagon [sic] continued across the * * * lane and struck the parked car head on" (emphasis supplied). In opposition, no additional facts are alleged, but merely an attorney's affirmation, *not* based on personal knowledge, in which it is "respectfully submitted that the moving papers do not prove freedom from negligence on the part of * * * Possenti [as a] jury could quite easily conclude that when Mrs. Possenti observed the Lanza vehicle skidding [toward her] it was not reasonable for her to simply stop *in the road if she had an opportunity to get off the road entirely"* (emphasis supplied). The speculative nature of this "allegation" is amply demonstrated by the examination before trial of Geraldine Lanza, wherein she candidly stated that the Possenti vehicle had pulled "off the road as much as [was] possible [and] come to a stop" at the time of the impact. Thus, no triable issue of fact has been raised as to Mrs. Possenti's freedom from negligence (see *Whitely v Lobue,* 24 NY2d 896; *Oppenheimer v Dresdner Bank AG.,* 50 AD2d 434, 439; *Donlon v Pugliese,* 27 AD2d 786). As the Court of Appeals has recently been moved to remark: "Summary judgment is designed to expedite *all* civil cases by eliminating from the Trial Calendar claims which can properly be resolved as a matter of law. Since it deprives the litigant of his day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues *(Millerton Agway Coop. v. Briarcliff Farms,* 17 N Y 2d 57). But when there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly

adjudicated. * * * As a practical matter summary judgment continues to be a rare event in negligence cases. *But this does not mean that the court is obliged, on policy grounds, to ferret out speculative issues 'to get the case to the jury,' where the trial may disclose something the pretrial proceedings have not" (Andre v Pomeroy,* 35 NY2d 361, 364 [emphasis supplied]). This is one of those rare cases which is ripe for summary judgment; there is no allegation from which negligence may be inferred, and the record is such as to empower the court to conclude, as a matter of law, that the conduct of the moving party was exemplary under the circumstances (see *Farkas v Cedarhurst Natural Food Shoppe,* 51 AD2d 793, 795; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.03). Accordingly, as to defendant Julio F. Possenti, the order of March 8, 1976 should be reversed insofar as reviewed and his motion for summary judgment granted. As to defendant Mildred Possenti, however, the appeal must be dismissed, as it appears that she died prior to the making of the motion for summary judgment, and as there has been no substitution of a representative of her estate. Thus, as to her, Special Term lacked jurisdiction to pass upon the motion, and the notice of appeal which purports to have been filed by her is void and cannot serve to bring her appeal before this court (see *Warren v Cole,* 29 AD2d 988, affd 26 NY2d 803; *Chimenti v Hertz Corp.,* 25 AD2d 562). Gulotta, P. J., Hopkins and Latham, JJ., concur. Cohalan and Hawkins, JJ., concur as to the dismissal of the appeal taken on behalf of Mildred Possenti and as to the dismissal, as academic, of Julio F. Possenti's appeal from the order of January 9, 1976, but otherwise dissent and vote to affirm the order of March 8, 1976 on the ground that there are triable issues of fact for a jury.