■ NANCY P. SUMMERS et al., Respondents-Appellants, v COUNTY OF MONROE et al., Appellants-Respondents.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Defendants appeal and plaintiffs cross-appeal from an order of Supreme Court, Monroe County. Plaintiffs' amended complaint asserts 11 causes of action, all of which arise from plaintiff Summers' employment at the Monroe County Human Relations Commission. Defendants' motion was to dismiss the complaint, and plaintiffs' cross motion requested leave to file a late notice of claim and to replead.

There are at least three claims in plaintiffs' first cause of action asserted under the Human Rights Law. Plaintiffs allege that defendants discriminate against women by failing to give equal pay for equal work; this claim is properly maintained against the county. As a continuing wrong, it is not barred by the Statute of Limitations (see, Matter of Russell Sage Coll. v State Div. of Human Rights, 45 AD2d 153, 155, affd 36 NY2d 985), and no notice of claim is required because the cause of action seeks to vindicate a public right (Mills v County of Monroe, 59 NY2d 307, cert denied 464 US 1018). Supreme Court properly dismissed this claim against the individual defendants because the amended complaint fails to allege

which of them had the requisite authority to carry out personnel decisions (see, Patrowich v Chemical Bank, 63 NY2d 541, 542). However, despite the inartful pleadings, Supreme Court determined that plaintiffs' claim might be meritorious, and it granted leave to replead against the individual defendants. We find no abuse of discretion (CPLR 3211 [e]; Rovello v Orofino Realty Co., 40 NY2d 633).

The second claim within the first cause of action alleges retaliatory conduct by defendant Davis, in violation of the Human Rights Law. Supreme Court dismissed this claim because it failed to allege a discriminatory intent by Davis and because it failed to show that any of the other defendants condoned Davis's behavior (Matter of State Univ. v State Human Rights Appeal Bd., 81 AD2d 688, 689, affd 55 NY2d 896). Supreme Court further granted leave to replead this claim. We agree with this disposition. Because the alleged misconduct was ongoing to the time of the complaint, we note that plaintiffs' notice of claim was not untimely. We add, however, that an application to file a late notice of claim must be made within the period of the Statute of Limitations regardless of the date of the actual filing (General Municipal Law § 50-e; Pierson v New York, 56 NY2d 950).

The third claim within the first cause of action alleges that Summers was subject to a retaliatory demotion by defendant Davis. This claim also was dismissed for a failure to allege discriminatory intent or to allege that defendants other than Davis acquiesced in the demotion; Special Term granted plaintiffs' motion to replead. Except as asserted against defendant county, we agree with this disposition. The demotion occurred in January 1985, and no notice of claim was made within 90 days; plaintiffs' motion to file a late notice of claim was not made until November 18, 1986, well beyond the statutory period (General Municipal Law §§ 50-e, 50-i). Thus, plaintiffs cannot assert this claim against defendant county.

Plaintiffs' second cause of action alleges denial of Summers' Federal civil rights (42 USC § 1983). Supreme Court reserved decision on defendants' motion to dismiss this cause of action, pending plaintiffs' second amended complaint. As such, there is no order, with respect to this cause of action, to review.

Plaintiffs' third cause of action alleges a violation of the Equal Pay Act (29 USC § 206 [b]). This claim was dismissed on the ground of a deficient notice of claim. This was improper; State notice of claim requirements cannot defeat a substantive Federal right (Felder v Casey, 487 US —, 108 S Ct 2302). Thus,

as with respect to plaintiffs' first claim in the first cause of action, this claim must be reinstated against the county. In addition, plaintiffs should be granted leave to replead this claim against the individual defendants, provided that she can allege the requisite authority *(Patrowich v Chemical Bank, supra)*.

Plaintiffs' sixth cause of action alleges defamation by several separate statements. Supreme Court dismissed this cause of action as barred by the Statute of Limitations (CPLR 215 [3]). Plaintiffs' complaint was filed August 1, 1986, and five of the allegedly defamatory statements, were made after August 1, 1985. Two of those statements, however, are not attributed to anyone, and any cause of action based upon them must be dismissed *(see, Esposito v Billings,* 103 AD2d 956). The remaining three statements, made in written work evaluations by defendant Davis, may be the bases for causes of action against him, and plaintiffs should be granted leave to replead (CPLR 3014; *Tobler v Newsday, Inc.,* 51 AD2d 986). No part of the sixth cause of action may be maintained against defendant county because such claims were not mentioned in plaintiffs' notice of claim *(Kasachkoff v City of New York,* 107 AD2d 130, 134, *affd* 68 NY2d 654).

Supreme Court also dismissed plaintiffs' causes of action fourth (unspecified violation of State constitutional rights), fifth (failure to adhere to unspecified county rules and regulations and the Civil Service Law), seventh (intentional infliction of emotional distress), eighth (prima facie tort), ninth (breach of employment contract) and tenth (violation of the Whistleblower's Law [Civil Service Law § 75-b]). We have examined the record, and we conclude that these were properly dismissed.

Finally, plaintiffs' eleventh cause of action is a derivative claim for loss of services asserted by plaintiff husband. It was dismissed by Supreme Court because no such cause of action exists under the Human Rights Law and because all the tort claims had been dismissed. However, since we are granting plaintiffs leave to replead the sixth cause of action (defamation) against defendant Davis, we also grant such relief on the eleventh cause of action *(see, Garrison v Sun Print. & Publ. Assn.,* 207 NY 1, 10; *Dazzo v Meyers,* 83 AD2d 14, 21-22).

Accordingly, we modify the order of Supreme Court as follows: (1) leave to replead the first cause of action should be limited to exclude any claim against the county based on Davis's retaliatory demotion of Summers; (2) the third cause of action should be reinstated against the county; (3) the third

cause of action against the individual defendants should be dismissed with leave to replead; (4) the sixth cause of action based upon Davis's comments on Summers' work evaluations should be dismissed against all defendants except Davis, against whom it should be dismissed with leave to replead; and (5) the eleventh cause of action should be dismissed with leave to replead as against Davis. (Appeals from order of Supreme Court, Monroe County, Siracuse, J.—dismiss cause of action.) Present—Callahan, J. P., Doerr, Pine, Balio and Davis, JJ.