■ ANGELOS P. ROMAS, Respondent-Appellant, v MARK W. WELCH, Appellant-Respondent.—Kane, J. P. (1) Appeal from an order of the Supreme Court (Harlem, J.), entered April 18, 1988 in Broome County, which, *inter alia,* dismissed the complaint with leave to replead, (2) appeal from an order of said court, entered April 4, 1989 in Broome County, which denied defendant's motion to reargue his motion to dismiss plaintiff's first and second causes of action, and (3) cross appeals from an order of said court, entered May 15, 1989 in Broome County, which, *inter alia,* denied defendant's motion to dismiss plaintiff's first, second, fourth and sixth causes of action.

Plaintiff, an attorney, commenced this action against a 97-year-old former family physician and client for legal services rendered between 1968 and 1981, alleging nine separate causes of action ranging from the declaration of the validity of a release to a cause of action under the Racketeer Influenced and Corrupt Organization Act (hereinafter RICO). A prior

complaint containing 11 causes of action was dismissed by Supreme Court with leave to replead granted.

The circumstances which spawned this litigation arise out of the alleged repudiation by defendant of the provisions of revocable trust agreements benefiting plaintiff and given to him in exchange for his providing lifetime legal services to defendant and his now-deceased spouse. We perceive no useful purpose in a factual recitation of the procedural morass occasioned by this litigation, and accordingly address Supreme Court's painstaking disposition of the issues presented.*

As to defendant's appeal of Supreme Court's order denying his motion to dismiss plaintiff's first complaint with prejudice and granting plaintiff's request for leave to replead, the record demonstrates that Supreme Court dismissed the initial complaint for "lack of clarity". We find this disposition proper, because if plaintiff "has good ground to support his cause of action" (CPLR 3211 [e]) Supreme Court may in its discretion grant leave to replead *(see,* CPLR 3211 [e]; *see also, Summers v County of Monroe,* 147 AD2d 949, 950, *appeal dismissed* 74 NY2d 735). Giving plaintiff's submitted papers "every possible favorable intendment" *(Four Seasons Hotels v Vinnik,* 127 AD2d 310, 319), we cannot conclude that Supreme Court abused that discretion in granting leave to replead *(see, Summers v County of Monroe, supra).*

As to Supreme Court's disposition of motions addressed to the second complaint, we note that "[w]here factual allegations are discerned which, taken together, manifest a cause of action cognizable at law, a motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 1, 7) should be denied" *(Collision Plan Unlimited v Bankers Trust Co.,* 63 NY2d 827, 830). The first cause of action alleges that defendant executed and delivered a release which called for payment of $20,000 and that defendant did not pay. We find that this sufficiently states a cause of action. We also agree with the reasoning and conclusion of Supreme Court in dismissing the remainder of the first cause of action as premature, because the alleged trust provision in favor of plaintiff indicated that funds were to be set aside only if plaintiff survived defendant. Moreover, the existence of factual issues precludes Supreme Court from

---

* Following argument of this appeal on January 9, 1990, defendant died on January 25, 1990. Because the matter was fully submitted and argued prior to defendant's death, our decision and order in this appeal will be rendered nunc pro tunc as of the January 9, 1990 date of argument *(see, Rattray v Raynor,* 10 NY2d 494, 499).

granting defendant declaratory relief at this stage of the proceedings *(see, Fillman v Axel,* 63 AD2d 876).

We likewise find that Supreme Court did not err when it denied defendant's motion to dismiss the second cause of action. In this instance, giving plaintiff every favorable inference, we find that any failure to allege a contract, under which plaintiff seeks quantum meruit, is no ground for dismissal *(see, Shaad v Hutchinson's Boat Works,* 84 Misc 2d 631, 635; *see also, Paulsen v Halpin,* 74 AD2d 990, 991). Nor do we find the Statute of Limitations a bar to this cause of action. The cause of action for the reasonable value of legal services performed accrues upon the alleged termination of the employment agreement *(see, Shaad v Hutchinson's Boat Works, supra).* Plaintiff alleges that his "services" were "terminated" in the second week of December 1981 and this action was commenced in August 1987. Therefore, the second cause of action was timely commenced.

We summarily affirm the remainder of Supreme Court's May 15, 1989 order inasmuch as it has appropriately applied the Statute of Limitations to bar or allow plaintiff's causes of action. We reject plaintiff's contention that Supreme Court's dismissal of portions of the complaint should have been without prejudice *(see, Smith v Sage Coll.,* 54 NY2d 185, 194). Finding any remaining contentions put forth by the parties without merit or ostensibly abandoned on appeal, we affirm.

Orders affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.