■ RAMONA L. FOLEY, Respondent, v MOBIL CHEMICAL COMPANY et al., Defendants, and JOSE CALLE et al., Appellants. (Appeal No. 1.) [626 NYS2d 906] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court should have granted the motions of defendants Mast, Miller and Calle to dismiss plaintiff's causes of action for intentional infliction of emotional distress. On February 23, 1993, plaintiff commenced an action against those and other defendants, alleging violations of the Human Rights Law (Executive Law art 15). Plaintiff alleged that defendants sexually harassed and discriminated against her. Summary judgment motions by Mast and Miller, who sought to dismiss plaintiff's claims against them on the ground that they were not "employers" within the meaning of the Human Rights Law, were granted. In its order granting summary judgment to Mast and Miller, the court also granted plaintiff leave to amend the complaint to assert common-law torts against defendants.

On August 2, 1993, plaintiff commenced a second action against Mast, Miller and Calle, alleging causes of action against all three defendants for intentional infliction of emotional distress, against Miller for slander, and against Calle for battery. On November 5, 1993, plaintiff amended her complaint in the first action to include the causes of action alleged in the second action. Mast, Miller and Calle moved to dismiss both actions on the ground that the intentional tort causes of action were time barred pursuant to CPLR 215 (3). They further asserted that the conduct that occurred within one year of the commencement of the first action was insufficient to support a cause of action for intentional infliction of emotional distress. The court denied their motions. That was error.

CPLR 215 (3) provides a one-year Statute of Limitations for intentional torts, including intentional infliction of emotional distress, slander and battery *(Goldner v Sullivan, Gough, Skipworth, Summers & Smith,* 105 AD2d 1149). Plaintiff's first action was commenced on February 23, 1993, and an amended complaint in the first action was served on November 5, 1993. The second action was commenced on August 2, 1993. Because the causes of action in the amended complaint allege the same transactions and occurrences set forth in the first complaint, they are deemed to have been interposed on February 23, 1993, the date of the original pleading *(see,* CPLR 203 [f]). Thus, for purposes of Statute of Limitations, plaintiff's causes of action for intentional infliction of emotional distress, slander and battery are deemed to have been interposed on February 23, 1993. Any intentional acts alleged in the complaints that occurred before February 23, 1992 are time barred.

Plaintiff asserts that the causes of action for intentional infliction of emotional distress allege continuing wrongs and that, if any of the alleged intentional acts occurred within the period of limitations, prior acts are not time barred. We disagree. A cause of action for intentional infliction of emotional distress is limited to conduct that occurred within the one-year period immediately preceding the commencement of the action *(Weisman v Weisman,* 108 AD2d 853; *see also, Koster v Chase Manhattan Bank,* 609 F Supp 1191, 1198). To hold otherwise "would subject defendants to never-ending liability for such claims, which could at any time be triggered by non-extreme, non-outrageous, and non-tortious acts. Merely alleging that such non-actionable conduct was an extension of actionable conduct would resurrect stale time-barred conduct.

Such a result would be fundamentally foreign to the purpose of statutes of limitations" *(Marshall v Nelson Elec.,* 766 F Supp 1018, 1032, *affd* 999 F2d 547).

Plaintiff's reliance on *Summers v County of Monroe* (147 AD2d 949, *appeal dismissed* 74 NY2d 735) is misplaced. In *Summers,* we held that a cause of action asserted under the Human Rights Law is a continuing wrong. The same cannot be said for a cause of action for intentional infliction of emotional distress.

We further conclude that the alleged acts by Mast, Miller and Calle that occurred within one year of the commencement of the action are legally insufficient to sustain plaintiff's cause of action for intentional infliction of emotional distress. To survive a motion to dismiss, a cause of action for intentional infliction of emotional distress must allege conduct " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303, quoting Restatement [Second] of Torts § 46, comment *d; see, Howell v New York Post Co.,* 81 NY2d 115, 122).

Although the conduct of Mast, Miller and Calle alleged in the complaints was wholly inappropriate, it is not so outrageous in character, and so extreme in degree as to be utterly intolerable in a civilized community. Thus, plaintiff has not properly alleged causes of action for intentional infliction of emotional distress *(see, Freihofer v Hearst Corp.,* 65 NY2d 135, 143-144; *Burlew v American Mut. Ins. Co.,* 63 NY2d 412, 417-418; *Fischer v Maloney,* 43 NY2d 553, 557; *Leibowitz v Bank Leumi Trust Co.,* 152 AD2d 169; *Marshall v Nelson Elec., supra; Koster v Chase Manhattan Bank, supra).* Therefore, we modify the order on appeal by granting the motions of Mast, Miller and Calle to dismiss plaintiff's causes of action for intentional infliction of emotional distress. We further modify the order by limiting plaintiff's causes of action for slander and battery to conduct that occurred after February 23, 1992. (Appeals from Order of Supreme Court, Monroe County, Calvaruso, J.—Dismiss Causes of Action.) Present—Fallon, J. P., Wesley, Doerr, Balio and Boehm, JJ.