OPINION OF THE COURT
Louis B. York, J.
This motion for a substitution of Peter Cobrin by Toby Cobrin, the executor of his estate, is granted. The cross motion to vacate the decision dismissing the second and fourth causes of action against all of the defendants is denied.
It is true that the death of a party to the action will generally stay any further activities in the case until there is a substitution of a representative of the estate for the deceased party. Any activity before such an appointment is a nullity (Chimenti v *938 Hertz Corp., 25 AD2d 562 [2d Dept 1966]). The question here is what happens to the parties in a multiple-party lawsuit when the decision is rendered after, as in this instance, the death of one of the parties.
This is an action for unpaid base rent and additional rent under a sublease agreement. After the motion was argued and fully submitted to the court, defendant Cobrin died. Ten days later the court rendered its decision.
Where there are multiple defendants to a lawsuit and a party dies before the motion is made, the decision is void (Possenti v Lanza, 54 AD2d 728 [2d Dept 1976]). The Second Department has continued to adhere to this result (see e.g. Cocozzelli, Lerner, Meunkle & Grossman v Basile, 247 AD2d 354 [2d Dept 1998]).
Plaintiff has cited Faraone v National Academy of Tel. Arts & Sciences (296 AD2d 349 [1st Dept 2002]) to illustrate the First Department’s agreement with the approach of the Second Department. But, once again, in that case, the motion was made after the defendant had died, and the Court, consistent with the Appellate Division, Second Department decisions in this action, held that the trial court did not have jurisdiction over the matter.
The decisions on the issues faced here, while relatively few, favor the upholding of the determination against all of the defendants, including the deceased. While neither of the parties were able to find a Supreme Court decision on point, the court was able to unearth a decision of ancient vintage: Smith v Miller (3 How Prac 132 [Sup Ct, NY County 1847]). There, by the time the referee’s report reached the judge, the plaintiff had died. Nevertheless, the court denied the defendant’s motion to set aside the verdict, ordering that the decision be entered nunc pro tunc for the May term (the court’s decision was rendered in the July term). In Rattray v Raynor (10 NY2d 494 [1962]), despite the death of both plaintiffs after the entry of the judgment but before a decision on the appeal was rendered, the Court held in the words of Judge Fuld: “An appellate court is empowered to render decision as of the date of the argument or submission of the appeal and in the light of the situation then prevailing and for that purpose to disregard the death of a party occurring in the intervening period” (Rattray v Raynor, supra, 10 NY2d at 499 [citations omitted]). Rattray v Raynor is an early illustration of the principle that the death of a party does not necessarily stop a decision from being rendered after that party’s death *939 where the death occurs after the motion is fully argued and submitted. In Kaye v Associated Metals & Mins. Corp. (18 AD2d 1014 [2d Dept 1963]), the Court affirmed the court’s decision below where the plaintiff died after the appeal was submitted but before the decision was rendered. The Court held that the decision was to “be entered nunc pro tunc as of. . . the date of the submission of the appeal.” (Id.)
As to defendants’ motions to resettle and reargue, the court recalls having decided the motions when I was unaware at the time that the defendant had died. Inasmuch as they were submitted after the defendant’s death, they are a nullity and may be treated technically as a nullity, as never having been made or decided. But, unless defendants have arguments other than raised in those motions, as a practical matter they would be wasting their time and money in renewing those motions. I would very likely deny those motions again.
Based on the foregoing, this court holds that the decision to substitute the executor of Peter Cobrin’s estate is granted and the cross motion to dismiss the second and fourth causes of action is denied.